### SCALES et al. v. TEXAS LIQUOR CONTROL BOARD et al.

#### No. 5698.

Court of Civil Appeals of Texas. Amarillo.

Jan. 21, 1946.

Rehearing Denied Feb. 25, 1946.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellants.

Grover Sellers, Atty. Gen. of Texas, and Jesse Owens, Asst. Atty. Gen., for appellees.

PITTS, Chief Justice.

This appeal is from a judgment of the trial court upholding the action of the Administrator of the Texas Liquor Control Board canceling a beer and wine permit previously obtained for Carlton Scales by his mother and attorney in fact, Iweta Scales, who operated and managed the business known as the Aviatrix Club prior to and at the time of the cancellation. The Club was located in Potter County near the Amarillo Army Air Field on land owned by Iweta Scales but the business was operated in the name of Carlton Scales.

The Administrator of the Liquor Control Board conducted a hearing as provided for in the Texas Liquor Control Act, and particularly in compliance with the provisions found in articles 667—7, 667—10, and 667—19, Vernon's Annotated Penal Code of the State of Texas. The said Administrator found that due notice of a hearing to be held on January 16, 1945 had been served on appellants; that as a result of such hearing so conducted, three persons, to-wit, Fred Price, Mrs. Ted Horn, and Ardie Norris, were permitted by the management to remain on the premises in question in an intoxicated condition on November 25, 1944, and that Nadine Cofer, an agent of the permittee, on the said date made separate sales of beer to two persons, namely, Fred Price and Ardie Norris, who were each visibly intoxicated on the premises at the time of the sale; that on November 26, the management of the premises permitted one intoxicated person, to-wit, Fred McHam, to remain on the premises in question in an intoxicated condition; that on November 28, 1944, the management of the premises permitted one person, to-wit, Curtis Lemmons, to remain on the premises in an intoxicated condition, and that on said date, Nadine Cofer, agent of appellants, sold beer to said Curtis Lemmons on the said premises while he was visibly intoxicated; that on November 29, 1944, the management of the premises permitted one person, to-wit, Bill Dean, to remain on the premises in an intoxicated condition and that on said date, Saunsie Baker, agent of appellants, sold beer to the said Bill Dean on the said premises while he was visibly intoxicated; and that on November 26, 1944, Raymond Hamilton, an agent of the permittee, made a sale of beer to Hal Ellis in the said Club on the premises in question on Sunday between 1 o'clock a. m. and 1 o'clock p. m., to-wit, at 1:25 o'clock a. m., thus convicting appellants on eleven different charges.

As a result of such findings, the said Administrator, on the date of the said hearing, ordered the said permit canceled. On August 20, 1945, after a hearing before the trial court, it found that the Administrator was authorized to enter the order of cancellation of the permit in question; that the said Administrator had substantial evidence to support the order of cancellation, and that he did not act arbitrarily or capriciously in entering such order, as claimed by appellants, Carlton Scales and Iweta Scales. The trial court sustained the order of cancellation, declared the said permit to sell wine and beer void, and ordered it canceled. It has been held that the power of the trial court in such cases is limited to the question of whether or not the administrative body (the board or its administrator) acted within the scope of its delegated authority and whether or not it based its order of cancellation upon substantial evidence to support it and did not act arbitrarily or capriciously. Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227, and authorities there cited. It has likewise been held that the trial court's findings in such cases must not be disturbed if such are supported by evidence, though the evidence be conflicting. Texas Liquor Control Board v. Lanza, Tex.Civ.App., 129 S.W.2d 1153.

The evidence conclusively supports the findings made by the Administrator and sustained by the trial court but appellants do not challenge the sufficiency of the evidence. They attack a large part of the testimony as being incompetent because they contend the Administrator relied entirely on hearsay testimony to establish the identity of the persons charged of being intoxicated on the premises of the permittee and those charged of buying beer on the said premises from the agents of the permittee while the said persons were visibly intoxicated.

The record reveals that the persons who were found by the Administrator to be intoxicated on the premises of the permittee on the given dates told one or more of the affiants, who later testified by affidavits before the Administrator, their names when the said affiants were introduced to the said persons on the premises of the permittee on the given dates. In their testimony before the Administrator, the said affiants identified the said persons by the names thus given to them. Appellants contend that the identity of such persons in such a manner constituted hearsay evidence. They do not challenge the positive testimony of the witnesses to the basic fact that such persons were permitted to remain on appellants' premises in an intoxicated condition and that appellants' agents sold beer to them while they were visibly intoxicated but they seek only to apply the "hearsay" rule to the question of identity of such persons. We

know of no better way to determine the name and identity of a person than to accept his statement for such. 17 Tex.Jur. 586, sec. 224. Much latitude is given in the admission of evidence to establish the identity of persons. In a question of identity it is admissible to show the name a person bore. 20 Am.Jur. 325; sec. 350, and 739, sec. 880. The names and identity of persons generally can be established usually only by some form of hearsay and we do not believe the "hearsay rule" is applicable in determining the competency of the testimony heard by the Administrator concerning the identity of the persons in question in the instant case.

Appellants do not challenge the sufficiency or the competency of the evidence establishing the charge that Raymond Hamilton, agent of the permittee, sold beer on Sunday during prohibited hours at the Club on the said premises, but they speculatively state as a defense to this charge that the Administrator would not have canceled the permit on this charge alone. Hamilton, the agent of appellants, swore by an affidavit filed with the Administrator that he did not make such a sale and Hal Ellis swore Hamilton did make such a sale to him during prohibited hours. The Administrator considered the controverted issue and found against appellants.

The principal reason for obtaining the names and identity of the persons charged of being intoxicated on the said premises was to give such names and identity to appellants in the notice served upon them of the hearing to be had. As a result of such information appellants procured the testimony of one of the persons so charged, namely, Bill Dean, who was charged and found by the Administrator to have been permitted to remain on the premises of appellants in an intoxicated condition and to have bought beer from an agent of appellants while visibly intoxicated. Bill Dean testified by affidavit before the Administrator that he resided in Potter County, Texas, but that he had not bought beer on the premises of appellants within the past two years, but he was as silent as a tomb on the question of whether or not he was intoxicated on the said premises on the given date, while two other witnesses testified that Bill Dean was both drunk and that he purchased beer from appellants' agent on the premises of appellants while he was visibly intoxicated.

The Administrator found both charges to be true, thus convicting appellants on three of the eleven charges on testimony the competency of which appellants cannot seriously challenge.

Appellants further complain that the Administrator heard and considered testimony concerning extraneous matters about other persons being permitted by appellants to remain on the premises in an intoxicated condition and buying beer from the agents of appellants while said persons were visibly intoxicated without appellants first having been given notice of such charges. Appellants further challenge the competency of this testimony heard by the Administrator for the reason the identity of such persons was established entirely by hearsay testimony.

Appellants did not appear before the Administrator on the date of the hearing but answered with a general denial of the charges and attached thereto the affidavits of Raymond Hamilton and Bill Dean, hereinabove referred to. The record reveals that appellant, Iweta Scales, wrote a letter of date January 14, 1945 to the Administrator concerning the merits of the charges, advising that she could not attend the hearing and stating that appellant, Carlton Scales, was in the United States Army and she was managing the business. She further stated that they had few civilian customers and that their place was recommended for the use of U. S. Army Officers and most of their customers were Army Officers. The said letter was in evidence before the Administrator.

Affiants, who testified by affidavits before the Administrator in support of the other charges above referred to, likewise testified that on the same visits to appellants' premises on the given dates they saw on the premises of appellants, in addition to the persons heretofore mentioned, ten U. S. Army men and two other civilians, naming each of them, all of whom were permitted by appellants to remain on the premises in an intoxicated condition and most of whom purchased beer from agents of appellants on the said premises while they were visibly intoxicated. The Administrator probably admitted the testimony concerning the presence of military men in an intoxicated condition on the premises of appellants as rebuttal testimony after appellant, Iweta Scales, had injected into the hearing the question of their trade being composed mostly of military men.

However, the Administrator made no finding concerning the presence or intoxicated condition of such persons but confined his findings to the charges involving only persons whose names were included in the notices served upon appellants. We believe such testimony was in rebuttal and that appellants have failed to show reversible error, if, in fact, any error, in admitting testimony concerning such persons.

The record reveals that a complete transcript of the record heard by the Administrator was introduced before the trial court, who, likewise, heard the testimony of appellant, Iweta Scales, and D. W. Lowe, a Liquor Control Board Supervisor. Iweta Scales testified concerning the location of the property, their methods of operation, and her efforts, without succeeding, to find some of the persons charged of being intoxicated on their premises. But her testimony concerning the pertinent issues was no more than negative, to say the least, and did not refute the testimony supporting the findings of the Administrator and sustained by the trial court.

After a careful examination of the record, we believe the trial court rendered a proper judgment and the same is affirmed.