## NICKEL

v.

## TEXAS LIQUOR CONTROL BOARD.

### No. 10190.

Court of Civil Appeals of Texas.
Austin.

Jan. 13, 1954.

Rehearing Denied Feb. 3, 1954.

Snodgrass & Smith, San Angelo, for appellant.

John Ben Shepperd, Atty. Gen., Clyde B. Kennelly, Asst. Atty. Gen., for appellee.

ARCHER, Chief Justice.

Homer G. Nickel, herein styled appellant, filed an application for a Package Store Permit with the Texas Liquor Control Board, herein styled appellee, the premises for which the application was sought being six miles West of San Angelo on Mertzon Road, Highway 67. Doc Willeke protested the granting of the application and after due notice a hearing was held before the Assistant Administrator on behalf of the Texas Liquor Control Board. The only evidence heard and the only protest considered by the Texas Liquor Control Board pertained to the location of the premises in question with reference to the boundary line between wet and dry precincts. The Texas Liquor Control Board refused to grant appellant's application and appellant duly appealed to the 119th District Court of Tom Green County, Texas. The trial court sustained the order of the Texas Liquor Control Board refusing the application and in addition thereto, decided that appellant's premises are in a dry area.

Article 666–11, Vernon's Penal Code, provides in part as follows:

"The Board or Administrator may refuse to issue a permit either on an original application or a renewal application, to any applicant either with or without a hearing if it has reasonable grounds to believe and finds any of the following to be true:

\* \* \* \* \* \*

"(6) The place or manner in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants a refusal of a permit."

The Board entered the following order:

"Be it remembered, that on the 3rd day of February, A.D.1953, there came on for hearing the above styled and numbered matter \* \* \* The Assistant Administrator, after having heard the complaint and all the evidence introduced and the argument of counsel, is of the opinion and finds that the following are the true facts:

"1.

"That the place in which the applicant may conduct his business is of such a nature which, based on the general welfare, health, peace, morals, and

safety of the people and on the public sense of decency, warrants a refusal of the permit.

"The Assistant Administrator finds, therefore, that the issuance of the permit applied for to the applicant herein described would be in conflict with the requirements of the Texas Liquor Control Act and is of the opinion that the application should be refused."

This appeal is before this Court on three assignments:

1. The error of the trial court in finding that the premises were within the boundaries of a dry area.

2. The error of the trial court in finding that there was evidence before the Texas Liquor Control Board that the premises for which the application was sought were situated in a dry area.

3. The error of the trial court in concluding that the Texas Liquor Control Board acted within the scope of its delegated authority.

We believe that the Board acted within its delegated authority and that its order was based on substantial evidence and not arbitrary or capricious, and that the trial court was justified in upholding the action of the Board and was reasonably supported by substantial evidence. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Scales v. Texas Liquor Control Board, Tex.Civ.App., 192 S.W.2d 466.

In the Jones v. Marsh case, supra, Justice Smedley set out the statutes and rules controlling the law and the procedure in a suit concerning an administrative body's or agency's fact findings, and we see no need to restate them.

The trial court heard testimony as to the location of the premises on which the permit was sought, witnesses testified that it was in a dry area and others that it was in a wet area, and the testimony was conflicting, and the trial court upheld the order of the Board.

Art. 666–11, supra.

The judgment of the trial court is affirmed.

GRAY, Justice.

I concur in the conclusion reached by Chief Justice Archer affirming the judgment of the trial court in this cause, however, I desire to state my reasons therefor.

The record shows that the proceedings before the trial court related to the location of the boundary line between precinct 1 and precinct 3. The record also shows that the suit by appellant was to set aside an order of the Texas Liquor Control Board denying appellant's application for a permit, and was an appeal from such order under Sec. 14 of Art. 666, Vernon's Ann. P.C.

At the hearing before the Board it was incumbent on appellant to make a reasonably satisfactory showing, or a good faith showing, that the premises in question was in a wet area. To meet this requirement there was filed with the Board the certificates of the County Clerk referred to by Justice Hughes in his dissent. In my opinion, as is stated by Justice Hughes, the effect of these certificates before the Board was to destroy the respective force of each and leave the status of the premises as wet or dry to be determined by other evidence before the Board.

The parties appear to have so treated the matter before the district court and do so treat it here.

It is my opinion that the Board is not clothed with authority to determine boundaries between precincts in counties, and that upon appeal from its order the trial court cannot determine such boundaries. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, 437. The Court there said:

"The duties of the Railroad Commission as given by law do not encompass the power or authority of deciding the ownership of the title to land. We think it follows that the appeal contemplated by Section 8 of Article 6049c does not include such power, even

though the appeal is to a district court of Travis County which, in a proper case, has such jurisdiction."

It is true that in that case the appeal was from an order of the Railroad Commission to the district court of Travis County but it is my opinion that this rule is applicable to the Liquor Control Board and that it cannot try issues of boundary and that on appeal to the district court such issues cannot be tried.

It is my opinion that the judgment of the trial court must be affirmed because the evidence before the Board was insufficient to show the premises was in a wet area. It was also insufficient before the trial court.

HUGHES, Justice (dissenting).

If the finding of the trial court that the premises described in appellant's application for a permit are located in a dry area as such term is defined by law is reasonably supported by substantial evidence then, in my opinion, the application must be denied regardless of whether or not Art. 666–11, Vernon's Penal Code, expressly provides for refusal on such ground. The Board simply has no authority to authorize an illegal act.

The dry or wet status of the involved premises depends upon the proper location of the common boundary line between Justice Precincts 1 and 3 in Tom Green County. The West line of Precinct 1 being the East line of Precinct 3. Precinct 3 is wet and Precinct 1 is dry. The boundaries of these precincts were established by an order of the Tom Green County Commissioners' Court on August 16, 1916, which order designates the common line between Precincts 1 and 3 as being the West lines of Surveys Nos. 1 and 2, Deaf & Dumb Asylum. These surveys were surveyed by W. F. Clark on January 18, 1884, and his field notes for such surveys were recorded in the General Land Office of Texas and in the County Surveyors' Record of Tom Green County. These surveys, however, were not patented upon the original field notes but

were patented subsequent to 1916 upon corrected field notes prepared by J. J. Goodfellow.

Two highly qualified and eminent licensed State land surveyors testified in this case, H. L. George for appellant and Byron L. Simpson for appellee.

Both surveyors testified that if the two surveys in question were located according to Goodfellow's corrected field notes that the West line of such surveys would be substantially along the occupation or fence line and would locate the premises involved in dry Precinct No. 1.

With respect to locating the West line of such surveys in accordance with the original field notes, the only ones in existence in 1916, appellee's surveyor witness Simpson testified that: "It is impossible to locate it from the original field notes."

On the other hand appellant's surveyor witness George testified that he not only could but had located such West line from the original field notes at a distance of 34 varas East of the fence line which construction would place the 34 vara strip, upon which appellant's premises are located, in wet Precinct No. 3.

There are two other matters which should be noted.

Appellant places some weight upon a certificate issued by the County Clerk to the effect that the premises described in his application were located in a wet area. The force of this certificate, if any, is overcome by a subsequent certificate of the Clerk to the effect that his previous certificate was based solely on representations of applicant and that he did not in fact know whether the premises were in wet or dry territory.

Appellee produced as a witness Mr. Jake Harper, Commissioner of Wet Precinct No. 3, who testified that he was in his thirty-first year as such Commissioner and that as such he had always considered the fence line as the boundary between the two precincts. When this fence was built or why the witness so considered it, or why the wit-

ness considered the matter at all is not shown. The weight of this conclusion of the witness is, to me, negligible.

It is appellee's contention that the "West lines of said Surveys 1 and 2, Deaf and Dumb Asylum, wherever such lines might be, should be the common precinct line between Precincts Nos. 1 and 3."

I am unable to accept this as a valid legal conclusion if, as is apparent, appellee means that such boundary line could be moved, shifted or determined by facts and evidence not in existence when the Commissioners' Court acted in 1916. In my opinion the evidence then in existence and of which the Commissioners' Court presumably had knowledge and it alone should be looked to in construing the order of August 16, 1916. To hold otherwise would be to permit parties other than the Commissioners' Court to perform its exclusive duty of fixing precinct boundaries. Art. 5, Sec. 18, Texas Constitution, Vernon's Ann.St. Even the Commissioners' Court is without power to redefine the boundaries of a precinct so as to affect its existing status as wet or dry. Goodie Goodie Sandwich v. State, Tex.Civ.App., Dallas, 138 S.W.2d 906, writ dismissed, correct judgment.

In my opinion the boundary line in question must be fixed in the light of the circumstances and evidence in existence when the Commissioners' Court acted. The only evidence of any probative force which this record shows to have been in existence in 1916 relevant to this matter was the original field notes of these two surveys. It is true that these field notes are not perfect and do not contain calls which would have made the location of the lines upon the ground much easier. I do say, however, that, in my opinion, the use and application of these field notes made by Mr. George is in accord with sound rules of surveying law. He makes a reasonable and logical effort to retrace the footsteps of the original surveyor with the results heretofore stated. This being the only effort in this regard reflected by the record I would establish the line accordingly.

It follows that I am of the opinion that the order of the Board, sustained by the court, is not reasonably supported by substantial evidence, and I, therefore, respectfully dissent.