## JONES v. MARSH et al.

### No. 11932.

Court of Civil Appeals of Texas.
San Antonio.

April 27, 1949.

Rehearing Denied May 25, 1949.

Judgment Affirmed Nov. 2, 1949.
See 224 S.W.2d 198.

David R. White, Uvalde, for appellant.

J. B. Ator, Uvalde, for appellees.

W. O. MURRAY, Justice.

This proceeding involves the application of appellant, Casey Jones, filed with the County Judge of Uvalde County, Texas, seeking a license to sell beer at retail at 705 East Main Street in the City of Uvalde. At a hearing, on September 4, 1948, the County Judge of Uvalde County entered his order finding that the facts set forth in the application were true, but that lawful reason existed to warrant denial of such application, and denying the application.

An appeal was taken to the District Court of Uvalde County, and at a hearing on September 14, 1948, the District Judge affirmed the order of the County Judge denying the application. From that order of the District Judge Casey Jones has prosecuted an appeal to this Court.

This application was made and heard under the provisions of art. 667—6, V.A.P.C. The hearing provided for before the County Judge is an administrative matter and not a judicial trial. State v. Peeler, Tex.Civ.App. 200 S.W.2d 874. Therefore, if there existed substantial evidence warranting the action taken by the County Judge, the District Judge properly upheld his action in refusing the application and we should affirm the action of the District Court. In other words, this is a proceeding in which the substantial evidence rule applies. State v. Peeler, supra.

The question here presented is, was there substantial evidence to warrant the action of the County Judge in denying ap-

pellant's application for a license to sell beer at retail at 705 East Main Street in Uvlade? Appellant contends that the County Attorney and Sheriff of Uvalde County, the Inspector for the Texas Liquor Control Board, and the Chief of Police of the City of Uvalde, recommended that appellant's application be granted. This is not borne out by the record. It is true that these officers admitted that the statements contained in the application were true, and some of them gave further evidence favorable to appellant, but they did not affirmatively recommend that the application be granted. However, should their statements be regarded as recommending that the application be granted this would not require that the same be done. Art. 667—6, (d), V.A.P.C., provides, among other things, that: "In the granting or withholding of any license to sell beer at retail, the county judge in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board", but this does not mean that the County Judge must be governed by such recommendations. The mere fact that the County Judge did not grant the application is no sign that he did not give due consideration to the statements of these officers.

The County Judge did find that the facts stated in the application were true, but further found that lawful reason existed to warrant denial of such application. Sec. (c) of art. 667—6, supra, provides, in effect, that even though the County Judge finds that the facts contained in the application are true, that he should nevertheless deny the application if he further finds that there exists lawful reason for denying the application.

Sec. (d) of said art. 667—6, provides that "it shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law or in any place or manner conducive to the violation of the law or likely to result in any jeopardy to the peace, morals, health, or safety of the general public." (Here follows a statement of other causes for refusing a license, not involved in this proceeding.)

It occurs to us that the fact that the statute states that certain causes are sufficient to justify the County Judge in refusing a license does not necessarily mean that other causes are thereby excluded. See Cause No. 11955, Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528. Causes not set forth in art. 667—6, (c) and (d) may be considered in passing upon the granting of a beer license, such as the cause given in Eckert v. Jacobs, Tex.Civ.App., 142 S.W.2d 374.

The evidence shows that while the location at 705 East Main Street is now in an area zoned as a business district, it is in fact primarily a residential area. By this we mean the area from the Leona River east to the city limits. A new church is to be built right across the street from 705 East Main Street. There is no other place east of the Leona River, except the Country Club, limited to its own members, licensed to sell beer at retail. Many licenses have been granted and are in effect on locations on Main Street in Uvalde, west of the Leona River, one such licensee having his place located within one and one-half blocks west of the Leona and approximately five blocks from the location at 705 East Main Street. The location at 705 East Main Street is approximately twenty-five hundred feet east of the nearest licensee to sell beer on Main Street. It is a matter of common knowledge that the sale of intoxicants is accompanied with objections not common to other types of commercial enterprises. Appellant testified that when he discovers that a person in his place of business has drunk too much beer, or all the beer he thinks he should drink, he puts him out of his place of business and what becomes of him is none of his business. It would seem that such person would be left to wander around on this very busy highway, or among the residences in the vicinity. Main Street in Uvalde is in fact Highway No. 90, through the City of

Uvalde. East Main Street is on the road leading to the Junior College, which is located some two and one-half miles east of Uvalde.

We are of the opinion that there was substantial evidence to warrant the order of the County Judge's refusal to grant the license and that the District Judge properly refused to set aside the order of the County Judge.

The judgment of the District Court is affirmed.