CASEY JONES V. C. N. MARSH ET AL.

No. A-2284. Decided November 2, 1949.
Rehearing overruled November 30, 1949.
(224 S. W., 2d Series, 198.)

*David R. White,* of Uvalde, for petitioner.

It was error for the Court of Civil Appeals to hold that the substantial evidence rule applied in a proceeding of this kind. Gulf Land Co. v. Atlantic Refining Co., 134 Texas 59, 131 S. W. (2d) 73; Trapp v. Shell Oil Co., 145 Texas 323, 198 S. W. (2d) 424; Hawkins v. Texas Co., 146 Texas 511, 209 S. W. (2d) 338.

*J. B. Astor,* of Uvalde, for respondents.

In reply to the contention of petitioner, cite Potter v. Sun Oil Co., 189 S. W. (2d) 482; Eckert v. Jacobs, 142 S. W. (2d) 374; State v. Peeler, 200 S. W. (2d) 874.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This case was filed in district ocurt by petitioner, Casey Jones, as an appeal from the order of the county judge of Uvalde County which denied his application for a license to sell beer at retail in the City of Uvalde. The district court affirmed the order of the county judge, and its judgment was affirmed by the Court of Civil Appeals in an opinion published in 223 S. W. (2d) 29.

Both the district court and the Court of Civil Appeals in reviewing the factual basis of the order of the county judge followed the substantial evidence rule. The application for writ of error herein was granted on a point which questions the correctness of that procedure.

Petitioner's application for a license to sell beer was filed with the county judge under Section 5 of Article II of the Texas Liquor Control Act as rewritten by Chapter 448, Acts Regular Session, 45th Legislature (1937). That section now appears as Article 667-5 of Vernon's Annotated Penal Code. Section 6, Article II, of the Act as rewritten by Chapter 325, Acts Regular Session 48th Legislature (1943), and which is Article 667-6 of the Annotated Penal Code, sets out the procedure for the hearing of the application, for the granting of it and subsequent action by the Texas Liquor Control Board, for the denial of the application and for appeal by the applicant to the district court in the event of denial.

The following is the substance of the provisions of Subdivisions (a) to (d) inclusive, of Article 667-6: After the filing of the application for the license, notices are published for the hearing before the county judge and any citizen is permitted to contest the facts stated in the application, or petition, and the applicant's right to secure the license. If upon hearing the

petition, and the applicant's right to secure the license. If upon hearing the petition the county judge finds the facts stated therein to be true "and has not other lawful reason for denying the application," he enters his order so certifying. A copy of this order is presented to the tax collector who, after payment of the specified license fee, reports to the Texas Liquor Control Board that the application for license has been approved and the required fees paid. When this report and a copy of the application for license are submitted to the Board it becomes the duty of the Board or its Administrator to issue the license "if it is found that the applicant is entitled to a license," it being provided that the Board of the Administrator may refuse to issue the license "if in possession of information from which it is determined that any statement contained in the application therefor is false, untrue or misleading, or that there are other legal reasons why a license should not be issued." Subdivision (d) of Article 667-6, prescribing reasons or grounds for the county judge's denial of the petition, is as follows:

"If upon hearing upon the petition of any applicant for a license the county judge finds any facts stated therein to be untrue, the application shall be denied; and it shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in the violation of the law or in any place or manner conductive to the violation of the law or likely to result in any jeopardy to the peace, morals, health, or safety of the general public. There shall be sufficient legal reason to deny a license if it is found that the place, building, or premises for which the license is sought has theretofore been used for selling alcoholic beverages in violation of law at any time during the six (6) months immediately preceding the date of application, or has during that time been a place operated, used, or frequented in any manner or for any purpose contrary to the provisions of this Act, or, so operated, used or frequented for any purpose or in any manner that is lewd, immoral or offensive to public decency. In the granting or withholding of any license to sell beer at retail, the county judge in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board."

Appeal to the district court from an order of the county judge or the Board or the Administrator denying the applica-

tion for a license to sell beer is authorized by Subdivision (e) of Article 667-6 as follows:

"(e) In the event the county judge, Texas Liquor Control Board or Administrator denied the application for a license, he shall enter his judgment accordingly, and the applicant may within thirty (30) days thereafter appeal to the district court of the county where such application is made, and such district court may hear and determine such appeal in term-time or vacation and under the same rules and procedure as provided in Section 14, Article I, of this Act."

The rules and procedure provided in Section 14, Article I, of the Act (Article 666-14, Vernon's Annotated Penal Code) are as follows:

"The preceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally, viz.:

"a. All appeals shall be perfected and filed within thirty (30) days after the effective date of the order, decision or ruling of the Board or Administrator.

"b. Such proceedings shall have precedence over all other causes of a different nature.

"c. All such causes shall be tried before the Judge within ten (10) days from the filing thereof, and neither party shall be entitled to a jury.

"d. The order, decision or ruling of the Board or Administrator may be suspended or modified by the District Court pending a trial on the merits, but the final judgment of the District Court shall not be modified or suspended pending appeal."

■ Thus looking both to Subdivision (e) of Article 667-6 and to Article 666-14, we find that the statute for appeal to the district court from the order of the county judge denying the application for a permit or license to sell beer at retail provides that on the appeal "the trial shall be de novo under the same rules as ordinary civil suits", with certain exceptions not of consequence here.

Taken literally, the language of the statute last quoted seems to sustain the conclusion reached by the majority of the Court of Civil Appeals for the Eighth District in Texas Liquor Control Board v. Saiz, 220 S. W. (2d) 502, that the substantial evi-

dence rule does not apply to the trial in district court. There are, however, other considerations which lead to the approval of the conclusion expressed herein by the trial court and the Court of Civil Appeals. The statute does not expressly provide that there shall be in district court a full retrial of the facts as if there had been no findings made by the county judge, nor does the statute specify what issue or issues shall be tried in the district court. It may, therefore, reasonably be concluded, in view of the subject matter involved and the nature of the order to be reviewed, that only a limited review is intended, and that in so far as the facts which are the basis for the order of the county judge are concerned the question or issue to be determined in the district court is whether or not the findings of the county judge are reasonably supported by substantial evidence. Such a trial is one kind of a trial de novo, and the somewhat limited trial can be held, as the statute requires, under the rules applicable to ordinary civil suits.

■ The Texas Liquor Control Act was enacted, in the exercise of the police power, for the purpose of regulating and controlling traffic in alcoholic beverages in the State. A license or permit to sell beer or other intoxicating liquor is a privilege and not a property right. The Act expressly so provides, Article 666-13, Annotated Penal Code, and it is so held. State v. De Silva, 105 Texas 95, 145 S. W. 330; Bradley v. Texas Liquor Control Board, 108 S. W. (2d) 300; Louder v. Texas Liquor Control Board, 214 S. W. (2d) 336. Since the permit or license is a mere privilege, its issuance, denial and cancellation are properly committed to an administrative body or agency, and, in the interest of efficiency, the fact findings made by the administrative body or agency in the performance of duties of this kind are usually subject to a limited, rather than to a full, judicial review, in Texas a review under the substantial evidence rule. Shupee v. Railroad Commission, 123 Texas 521, 73 S. W. (2d) 505; Railroad Commission of Texas v. Metro Bus Lines, Inc., 144 Texas 420, 424-425, 191 S. W. (2d) 11; Fire Department, City of Fort Worth, v. City of Fort Worth, 147 Texas 505, 217 S. W. (2d) 664.

■ In our opinion the county judge, in passing upon an application for a license to sell beer, acts in an administrative rather than a judicial capacity. The hearing of the application differs from a trial in court. No adversary party is named, but "any citizen" may appear and contest the application. The county judge is directed by the statute, in acting upon the application, to give due consideration to any "recommendations" made by

the district court or county attorney or the sheriff or the mayor or the chief of police, and to any "recommendations" made by representatives of the Board. The order of the county judge approving the application must still be submitted to the Board, and the Board or the Administrator, notwithstanding the county judge's approval, may refuse to issue the license "if in possession of information from which it is determined that any statement contained in the application is false, untrue or misleading, or that there are other legal reasons why a license should not be issued." The hearing before the county judge is not the trial of a right or title; it is a step in the administrative process by which a permit or license, which is a mere privilege, may be procured.

Shupee v. Railroad Commission, 123 Texas 521, 73 S. W. (2d) 505, and Railroad Commission of Texas v. Metro Bus Lines, Inc., 144 Texas 420, 191 S. W. (2d) 11, were suits to set aside orders made under the Motor Bus Statute, Article 911a, Vernon's Annotated Civil Statutes, which by its seventeenth section provides that any auto transportation company or other party at interest dissatisfied with any decision or order of the Commission may file a petition in the district court setting forth its objection to the decision or order, and that the action "shall be tried and determined as other civil causes in said court." It was held in both cases, notwithstanding the quoted provision of the statute, that on the trial in district court the review of the facts is confined to the determination from the evidence heard in court of the question whether the decision or order of the Commission is or is not without reasonable foundation in fact,—the substantial evidence rule. In the Metro Bus Lines case attention was directed to the general language of the statute as to judicial review and to the fact that the use of the public highways for the purpose of operating motor busses is a privilege rather than a right.

Section 18 of the Firemen's and Policemen's Civil Service Act, Acts Regular Session, 50th Legislature, Chapter 325, Article 1269m, Vernon's Annotated Civil Statutes, permits any fireman or policeman dissatisfied with the decision of the Firemen's and Policemen's Civil Service Commission established by the Act in certain cities to file a petition in the district court asking that the order of suspension or dismissal be set aside, and that he be reinstated, and provides that "such case shall be tried de novo." It was held in Fire Department, City of Fort Worth v. City of Fort Worth, 147 Texas 505, 217 S. W. (2d) 664, that the extent of the judicial review of the order of the administrative agency, the Commission, is limited to an ascer-

tainment of whether there is substantial evidence reasonably sufficient to support the challenged order.

Several of the courts of civil appeals have held that the substantial evidence rule is applicable to appeal under Article 666-14 to the district court from orders of the Liquor Control Board or its Administrator, there being, however, inaccurate statements in some of the opinions as to the meaning of the rule. Bradley v. Texas Liquor Control Board, 108 S. W. (2d) 300; Texas Liquor Control Board v. Jones, 112 S. W. (2d) 227; Texas Liquor Control Board v. Blacher, 115 S. W. (2d) 1030; Texas Liquor Control Board v. Floyd, 117 S. W. (2d) 530; Scales v. Texas Liquor Control Board, 192 S. W. (2d) 466; State v. Peeler, 200 S. W. (2d) 874.

■ For the reasons given above and on the authorities which have been cited, we hold that the correctness of the order of the county judge, and consequently of the judgments of the district court and the Court of Civil Appeals, is to be tested by the application of the substantial evidence rule.

Stating again the substantial evidence rule, it is that the finding of the administrative body or agency will be sustained by the court if it is reasonably supported by substantial evidence, meaning evidence introduced in court. It is for the court, whether trial or appellate, to determine as a matter of law the reasonableness of the support afforded by substantial evidence, and in making its decision of this question the court examines and takes into consideration all of the evidence. Thomas v. Stanolind Oil & Gas Co., 145 Texas 270, 198 S. W. (2d) 420; Trapp v. Shell Oil Co., Inc., 145 Texas 323, 198 S. W. (2d) 424; Hawkins v. The Texas Company, 146 Texas 511, 209 S. W. (2d) 338; Wrather v. Humble Oil & Refining Co., 147 Texas 144, 214 S. W. (2d) 112.

The county judge, after hearing the application, made an order denying it, which recites merely that the facts set forth in the application are true and that "lawful reason exists to warrant the denial thereof." The district court, after trial on the evidence introduced in that court, rendered judgment affirming the order of the county judge, the conclusion being expressed that there were sufficient facts in evidence before the court to justify the order of the county judge denying the application.

■ After careful examination of all of the evidence introduced and admitted in the district court, we agree with that court

and the Court of Civil Appeals that the order denying the application is reasonably supported by substantial evidence.

The statute, Subdivision (d) of Article 667-6, Vernon's Annotated Penal Code, provides that "it shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law *or in any place* or manner conducive to the violation of the law or likely to result in any jeopardy to the peace, morals, health or safety of the general public." (Emphasis added.)

As stated in the findings made by the district court, the contest is based on the location, no attack being directed against the applicant as a licensee. The applicant and the contestants stipulated that all of the facts stated in the application for the license are true. Most of these relate to the character of the applicant and his record as a law-abiding citizen. The chief of police of the City of Uvalde and an inspector of the Texas Liquor Control Board testified that petitioner, Casey Jones, had owned and operated a cafe in which beer was sold in another part of Uvalde for a number of years, and that there had been no complaint against him arising out of the operation of that business.

The place at which petitioner intends, if his application is granted, to conduct a cafe in which beer is sold at retail is at 705 East Main Street in the City of Uvalde, between the corporate limits of the city on the east and the Leona River on the west. The principal business district of the city lies west of the river. Main Street is the principal highway passing through Uvalde from east to west, and it carries very heavy traffic, more traffic than any other street in the city. While there are business houses as well as residences on Main Street east of the river, there are many residences in the immediate vicinity within the city limits and more residences farther east and outside of the city. In the same block with 705 East Main Street and across the street seven families with ten children reside. There is testimony that there are twenty-five or thirty children living in the immediate vicinity and within three blocks of petitioner's proposed location. A witness testified that the usual way for children in that part of town to reach any school was to go down Main Street and cross the bridge, which means passing the location designated by petitioner. A church is about to be built on East Main Street a little more than two hundred feet from the location described in petitioner's application. East Main Street leads to the site of a new hospital now under construction and about

three or four blocks east of petitioner's proposed location and farther east there is a junior college. There are a number of places on Main Street west of the Leona River where beer is sold, but no license has been issued for its sale at any place east of the river except to the Country Club, which is farther south than Main Street, and is open to members only. A witness testified that he made a religious survey for the purpose of determining what the attitude of residents would be toward establishing a church east of the river and found that ninety per cent. of those residing in that vicinity were home owners, and that many of them stated that they had established their homes there because beer was not sold in that part of the city.

Five witnesses testifying for the contestants expressed the opinion that the sale of beer at retail at the location selected by petitioner would result in jeopardy to the peace, morals, health and safety of the general public, particularly the public of that neighborhood. Three witnesses testifying for petitioner, including the chief of police and an inspector for the Board, were of the opinion there would be no such result.

Petitioner contends that the trial court acted arbitrarily in failing to give due consideration to recommendations made by the sheriff, county attorney, chief of police and an inspector for the Texas Liquor Board. The record contains no recommendation from the sheriff or the county attorney. The chief of police and an inspector testified favorably to petitioner, but there is nothing in the record to show that due consideration was not given to their testimony. The statute, Subdivision (d) of Article 667-6, does not undertake to make the testimony or recommendations of these officers conclusive. The further contention that there is discrimination in the denial of petitioner's application cannot be sustained.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered November 2, 1949.

Rehearing overruled November 30, 1949.