Roy FLETCHER, d/b/a Tropic Inn,
Appellant,

v.

TEXAS LIQUOR CONTROL BOARD,
Appellee.

No. 12853.

Court of Civil Appeals of Texas.

Galveston.

June 9, 1955.

John W. L. Hicks, Houston, for appellant.

John Ben Shepperd, Atty. Gen., Horace Wimberly, Asst. Atty. Gen., for appellee.

GRAVES, Justice.

Appellant prosecutes this appeal from a judgment of the 125th District Court of Harris County, Honorable Spurgeon E. Bell presiding, sustaining the action of the Texas Liquor Control Board in having theretofore cancelled the appellant's license to sell beer at his place in Houston.

The concluding portion of the court's judgment, so upholding the prior order of the Board was this:

"It is therefore the order, judgment and decree of this Court that Plaintiff Roy Fletcher take nothing by reason of this suit and that the action of the Texas Liquor Control Board on October 5, 1954, in cancelling Plaintiff's Beer Retail License No. 124348 for premises known as Tropic Inn, 4919 McCarty Drive, in Harris County, Texas, be, and the same is in all things affirmed, sustained and upheld. That Plaintiff be denied all relief prayed for and that costs of this suit be assessed against the Plaintiff, for which let execution issue. * * *."

In his protest against the trial court's judgment, appellant, in four points of error, in which he complains that the trial court erred, thus, in substance, particularizes:

(1) In admitting into evidence a transcript of the record of the cancellation proceedings before the Board at Austin;

(2) In holding that the Liquor Control Board had based its order of cancellation against appellant "upon substantial evidence before it, when there was no evidence before the court on such points";

(3) In holding that the Liquor Control Board "did not act unreasonably, arbitrarily nor capriciously in making its order";

(4) In affirming the holding that "there was substantial evidence before it to support the order of cancellation."

None of these presentments, it is determined, should be sustained, since this Court is convinced that none of them is based upon the controlling facts and applicable law of Texas regulating such proceedings.

In the state of the record brought up with the appeal, it is clear to this Court that the trial court correctly held—and that appears to be the very heart of the appeal to this Court—that there was substantial evidence before it to have reasonably supported the ruling and order of the Board or administrative agency, as it is

referred to in these briefs, in cancelling the appellant's permit as it did.

Indeed, it further seems to this Court that appellant misconstrues the authorities he cited in support of his contention. In one of the main cases in our Texas Courts, he relies upon Texas Liquor Control Board v. Saiz, Tex.Civ.App., 220 S.W.2d 502; whereas, instead of supporting the appellant herein, it has been correctly, we think, thus evaluated by the Dallas Court of Civil Appeals in Texas Liquor Control Board v. Metcalfe, 256 S.W.2d 117, 119, in overruling a motion for rehearing, to-wit:

"Appellee in his motion for rehearing complains that our opinion creates a variance with the opinion of another Court of Civil Appeals in the case of Texas Liquor Control Board v. Saiz, 220 S.W.2d 502. Our opinion is indeed contrary to that in the case named by appellee. But the holding in Texas Liquor Control Board v. Saiz has been expressly disapproved by the Supreme Court in Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, at page 201. We believe our opinion is in conformity with the Supreme Court case."

Furthermore, it seems clear that our Texas courts have declared the "substantial evidence rule" to be applicable to appeals of this nature from orders of the Texas Liquor Control Board or its administrative officers. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 74, 131 S.W.2d 73, 82; Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420; Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965.

Further discussion is deemed to be unnecessary, since these conclusions are thought to properly determine the merits of the appeal. The judgment will, therefore, be affirmed.

Affirmed.

CODY, Justice.

I agree that the judgment of the trial court should be affirmed.