Clarence W. WARD et ux., Appellants,

v.

BOARD OF INSURANCE COMMISSION-
ERS of the State of Texas, Appellee.

No. 12844.

Court of Civil Appeals of Texas.
Galveston.

June 28, 1955.

Jim Phelps, Houston, for appellant.

John Ben Shepperd, Atty. Gen., A. M.
LeCroix, Asst. Atty. Gen., for appellee.

CODY, Justice.

This is an appeal from a judgment of the 127th Judicial District Court of Harris County, rendered without the aid of a jury, upholding in all things the orders of the Board of Insurance Commissioners, (1) refusing to renew the license of Clarence W. Ward to sell and solicit life, health and accident insurance, and (2) revoking the license of his wife, Donna Ward, to sell and solicit the same character of insurance.

Clarence Ward held a license to sell such insurance from 1936 until the Board refused to renew it in 1954, except for a period of five years (from 1942 to May, 1947), when he was out of the State. Mrs. Ward had her licence for about seven years when it was revoked on September 9, 1954. It was on that date, after a hearing before the Board, as provided for by Section 4, Art. 21.07, V.A.T.S., that aforesaid orders of the Board were adopted. Said Section provides for an appeal from orders of the Board in these words: "Any licensee whose license is cancelled, or any applicant to whom a license is refused may have redress in the courts as in other civil suits."

The Wards, hereafter called appellants, pursuant to the provision just quoted, duly filed their petition in court to appeal from said orders, and therein requested a de novo fact trial, and in the alternative denied that there was any substantial evidence to support the orders, and attacked same as being unjust, unreasonable and invalid as a matter of law. Appellants additionally plead that they were not allowed to present their case to the Board fully. Pursuant to appellants' request therefor, the court filed what is called in the record "findings of fact" and "conclusions of law".

Appellants predicate their appeal upon eight formal points. The contentions made therein will appear from our rulings herein.

■■ The court did not err in denying appellants a regular de novo fact trial. The Board of Insurance Commissioners is by Statute a quasi judicial or administrative agency with reference to the licensing of life insurance agents, and of forfeiting such licenses when once issued for improper or unlawful conduct or for want of good character or reputation. The law vests the Board with authority to conduct the investigations necessary to the performance of their duties "and [to] make fact findings". Reagan v. Guardian Life Insurance Co., 140 Tex. 105, 112, 166 S.W.2d 909, 913. The legislature having committed to the discretion of the Board the duty to cancel a license once issued or to refuse an application for a new license of any person found not to be of good character or reputation, or found by the Board to have wilfully violated any of the provisions of the Article, after a hearing, the courts will be bound to sustain the administrative body's orders, if there is substantial evidence to sustain the facts found by the administrative body. And the burden of proof is on the party who attacks the validity of such orders. Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424; Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 437, 242 S.W.2d 181, 27 A.L.R.2d 965; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198.

■ We sustain appellants' point to the effect that the court erred in holding that appellants were limited to introducing in the court action only such evidence as had been introduced before the Board, and in holding that no witness could be heard to testify in court unless he had testified before the Board; and we also sustain appellants' point that the court erred in holding that the sole test of admissibility of evidence was whether the Board had heard same in the hearing before it.

The record shows that appellants had several witnesses present for the purpose of presenting their evidence in their behalf. At the outset Assistant Attorney General Arthur M. LeCroix stated to the court, "I would like to present our contention that since this is an appeal of an administrative order that the substantial evidence rule applies and that the plaintiffs go forward to

show there was not substantial evidence for the Board to make its Order." This was a correct statement of the law. But the court took the view that appellants had the burden of proving that there was not substantial evidence presented before the Board upon which to justify its orders, and ruled that appellants would only be permitted to present in court the evidence that had been presented before the Board to the end that the court might determine therefrom, as a matter of law, whether the evidence presented to the Board, under the substantial evidence rule was sufficient to sustain the Board's findings of fact, and orders based thereon.

The evidence presented before the court disclosed that the proceedings before the Board were quite informal, and were oral except for certain affidavits, written statements, and purported records of the Houston Police Department and of the Federal Bureau of Investigation relating to actions of Clarence W. Ward, and certain applications for insurance partly filled out by the said Ward. The testimony as to what had taken place before the Board, as to the testimony which had been given there was remarkably free of conflict. And the memory of the witnesses as to what questions had been asked and how they were answered, while faulty at times, was on the whole remarkably good. But the court steadfastly refused to permit any witnesses to testify who had not testified before the Board, or to permit any testimony to be admitted which had not been admitted before the Board. When appellants' counsel attempted to examine a witness who had testified before the Board relative to some matter which had not been brought out before the Board, he was admonished to confine himself to what went on before the Board. And then when counsel requested leave to cross-examine the witness for his bill of exceptions, the court ruled that he could have a full bill on anything which was brought before the Board. Then the following took place:

"Mr. Phelps: 'Will you give me an opportunity to show what I can prove here in the bill of exceptions?'

"The Court: 'No, sir, you had that opportunity before the Board.'"

Appellants' counsel then informed the court, "I have several witnesses I am going to excuse, I have the President of the Insurance Company, he will testify there was no fraud, but he didn't testify before the Board." The court then repeated his ruling that counsel could have his full bill to any testimony which did not transpire before the Board, "anything that didn't transpire before the Board is excluded." Then, when counsel requested that the record be made to show that appellants had the President of the Insurance Company in the hall, and was offering him as a witness, the Court stated, "I am not interested in who you have. I have given you a full Bill. The only testimony I am going to hear is what transpired before the Board to determine in this Court's opinion whether there was substantial evidence upon which to justify their ruling, * * * and I am excluding all other testimony of any kind that was not presented before the Board, * * *."

In the trial of cases in the district court contesting orders of administrative agencies, the question to be determined is not whether the record as made before the Board contained substantial evidence sufficient to justify the findings of fact and the orders based thereon. If this were true, the law would no doubt require that the record made before the Board be reduced to writing, and submitted to the court, rather than have witnesses seek to remember what questions were asked, and how answered. If this were true, there would be no opportunity to prove in court that testimony before the Board was perjured. While administrative agencies are fact-finding bodies, and the question to be determined in court is strictly one of law (and the holdings of the Supreme Court in Railroad Commission v. Shell Oil Co., Inc., 139 Tex. 66, 161 S.W.2d 1022, and Marrs v. Railroad Commission, 142 Tex. 293, 177 S.W.2d 941, to the contrary were overruled in Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424. And see Simpson v. City of Houston, Tex.Civ.App., 260 S.W.2d 94, 97). Appellee admits, by quoting it, that

the following holding in Railroad Commission v. Shell Oil Co., supra [139 Tex. 66, 161 S.W.2d 1030], is still. the law: "In Texas, in all trials contesting the validity of an order, rule, or regulation of an administrative agency, the trial is not for the purpose of determining whether the agency actually heard sufficient evidence to support its orders, but whether at the time such order was entered by the agency there then existed sufficient facts to justify the same. * * *" The court then goes on to hold, "Whether the agency heard sufficient evidence is not material. In fact, the evidence heard by the agency is not per se admissible upon the trial in the district court. Whether it is admissible upon the trial in the district court must depend upon its own merits under the general rules of evidence, .and without regard to whether it had theretofore been introduced before the agency."

In Trapp v. Shell Oil Co., supra [145 Tex. 323, 198 S.W.2d 440], the court held, "The substantial evidence rule does not mean that the parties are limited to the evidence taken by and before the Railroad Commission (the administrative agency there involved). The parties may, as the parties have here, introduce any relevant legal testimony in the district court of Travis County." Again, the Supreme Court, in Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340, held that a suit brought to test the validity of an administrative agency's order is not an ordinary civil suit in which the court makes its own findings based upon a preponderance of the evidence before it, but, "* * *. Nevertheless, it means that there shall be a trial and in that trial, in so far as the facts are concerned, the court determines from all of the evidence before it, the entire record, whether the Commission's action is or is not reasonably supported by substantial evidence. The foregoing is a reiteration of the explanation of the substantial evidence rule made in Railroad Commission v. Shell Oil Co. [supra] * * *." See also Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549.

It is thus the settled. law of Texas that, in contesting in court an order of an administrative agency, the burden is on the party aggrieved thereby to establish that there is not in existence substantial evidence sufficient to support such ruling. In the court action, the court, of course, is guided by the established rules of evidence. The court then determines, as a question of law, whether the evidence before it, under the substantial evidence rule, supports the administrative agency's fact findings upon which the order is based. And of course the contestant can introduce any relevant testimony of any witness regardless of whether that testimony, or that witness, was heard before the Board.

In fact, while it seems to be the common practice to introduce in the court trial evidence which had been introduced before the Board under the limitation that it was not offered in court as establishing its truth, the writer of this opinion regards every instance, except one, that has come to his attention of such admission of such evidence, as error, though harmless error. The single instance referred to, where the record made before the administrative agency is legally admissible in a trial before the court, is in the case of a motion for summary judgment, and this because of the provisions of Rule 166–A, Texas Rules of Civil Procedure. See Simpson v. City of Houston, supra. And in such case the contestant is free to introduce any evidence or witness which may be able to raise an issue of fact in his behalf.

■■ The court admitted, over appellants' objection, a record, from the office of the Department of Public Safety, of charges which had been made against Mr. Ward in various states since December 4 1931. The record was identified by an employee of the Department of Public Safety who admitted that he was not the custodian of it but was permitted access to it only by the Chief of the Department. A record purportedly of the Federal Bureau of Investigation containing to a large extent the same data as contained in the record pur-

portedly from the Department of Public Safety was also admitted by the Court. There was also admitted a record which purportedly was from the Bureau of Criminal Identification of the Police Department of the City of Houston. It is quite evident that the court admitted these records into evidence only because he deemed the fact that they had been considered by the Board made them admissible as court evidence. There is one possibility to be considered. It appears that a representative of the Board had copies of these records and that Mrs. Ward asked him to be allowed to copy down the history of his arrests, and Mr. Ward was asked "Do you accept those", and he replied, "Yes, based upon the fact I will have a hearing." This seems to mean that Ward would admit that he had been arrested on various occasions shown on the record if he would be allowed to be heard. We do not understand the force of this admission. It seems to fall far short of admitting that he had been convicted thereon. In court in order to prove a conviction the judgment of conviction must be introduced in evidence. If we have not understood the force of appellee's contention with respect to the admissibility of the records, it can make its position clear on motion for rehearing. We hold the court erred in admitting said records.

■ Mrs. Ward was held to have permitted an unauthorized person to have assisted her, contrary to Section 5 of Art. 21.07 of the Insurance Code of the State of Texas, in that her husband filled in some of the blanks in applications for insurance procured by her after his license was not renewed, and in that he gave some receipts to persons who had purchased insurance from his wife, contrary to Section 5 of Article 21.07. The force of said Section is that in order to engage in the insurance business a person must have a license which, in the case of Mr. Ward, the Board had refused to renew. Appellee also contends that these acts upon the part of Mr. Ward were in violation of Article 21.02 which defines an insurance agent as a person who solicits insurance, or does or performs any other thing or act "in the making or consummating of any contract of insurance." The clerical or secretarial work involved in filling out the blank spaces in an application for insurance could properly have been filled out by the applicant, or any secretary, and giving of a receipt for money does not have to be in person by the agent. As a matter of law, under the evidence Mrs. Ward did nothing forbidden by the Code, and was not shown to be of bad character and reputation because of such help given by her husband.

■ Again, it appears that Mr. Ward did give to certain of his customers money in return for their turning other customers his way. This, appellee contends, was denounced as rebating under Article 21.21 of the Code. This may be contrary to good ethics, but it does not appear to be rebating. Appellee has not shown by authority or reason that these acts are "rebating".

We reverse and render the judgment in favor of Mrs. Ward, and reverse the judgment and remand the cause for a new trial with respect to Mr. Ward.

Reversed and rendered in part and in part reversed and remanded.