**MAPLE LAWN BAPTIST CHURCH et al.,**

Appellants,

v.

**Ted LAWRENCE, Appellee.**

No. 4295.

Court of Civil Appeals of Texas.

Eastland.

May 23, 1969.

Rehearing Denied June 20, 1969.

McCulloch, Ray, Trotti & Hemphill, Donald J. Hahn, Jr. and Ross H. Hemphill, Dallas, for appellants.

Biesel, Zweig, Diamond & Brady, Jerry W. Biesel, Dallas, for appellee.

WALTER, Justice.

The court found that the County Judge, in denying Ted Lawrence's application for a wine and beer retailer's permit, did not predicate his findings upon substantial evidence. Such finding was set aside and Lawrence's application for a permit was approved and granted. Elkins Institute of Radio & Electronics, Inc., and Maple Lawn Baptist Church, intervenors, have

appealed. They contend the County Judge's order denying the permit was reasonably supported by substantial evidence and the court erred in setting it aside.

Our question is to determine if the findings of the County Judge were reasonably supported by substantial evidence. In Texas Liquor Control Board v. Armstrong, Tex.Civ.App., 300 S.W.2d 146 (writ ref., 1957), the court said:

"The test ultimately requires the application of the rule announced in Trapp v. Shell Oil Co., Inc., supra (145 Tex. 323, 198 S.W.2d 424): 'If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside.' "

Ted Lawrence entered into a contract to purchase the Red Rooster Inn located at 2615 Inwood Road in Dallas, provided he could secure a beer and wine license. He has placed $12,000.00 in escrow. Harold O. Degen and Mrs. Degen are the present holders of the beer and wine permit at the Red Rooster and there has been a permit there for about eight years.

An inspector for the Texas Liquor Control Board testified that Mr. Lawrence's application for a permit had been processed by the Board and the application was approved. The Attorney General filed a motion for the Board and said it did not object to the granting of a permit to Lawrence. Neither did the Dallas police department nor the Sheriff's office oppose the granting of the permit. Lawrence established a good reputation and no contest was made against him personally. The character of the appellee and the manner in which his business will be conducted is not challenged.

Appellants rely principally on Subsection 2(c) of Article 667–5 and Article 667–6(d) of the Texas Liquor Control Act which are in part as follows:

"The place or manner in which the applicant for a Retail Dealer's License may conduct his busines is of such nature which based on the general welfare, health, peace, morals, and safety of the people, and on the public sense of decency, warrants a refusal of the license;—"

"—and it shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law or in any place or manner conducive to the violation of the law or likely to result in any jeopardy to the peace, morals, health, or safety of the general public."

In Gerst v. Cain, 388 S.W.2d 168 (Sup. Ct., 1965), the court said:

"Each substantial evidence case must be decided on its own facts, and the facts in two such cases will rarely be the same."

■ Lawrence had the burden of proof in the District Court of establishing by the standard set out in the Armstrong case that the order of the County Judge was not reasonably supported by substantial evidence. It is appellants' contention that the place in which the appellee intends to conduct his business warrants a refusal of the permit.

Elkins Institute of Radio & Electronics, Inc., a trade and vocational school, operates a place of business at 2603 Inwood Road and another one at 2611 Inwood Road. The front door of the Red Rooster is approximately seventy or eighty feet from the front door of Elkins.

An attorney testifying for Elkins stated that the Institute was not a public school, but a private trade school operating for profit. His office is located at the school and he is there daily and sometimes in the evenings. He stated that he had never seen or observed any activity of the Red Rooster that in any way interfered with the operation of the trade school.

■ Appellants pleaded a city ordinance which prohibits the issuance of a beer li-

cense to anyone who is operating a place within 300 feet of any school. Appellants asked the court to take judicial notice of the city ordinance, but it is not in the record which we have before us. Article 666–25a of the Texas Liquor Control Act authorizes Cities to prohibit the sale of alcoholic beverages at any place that is located within 300 feet of a public school. The city ordinance is not before us and we are unable to determine if it follows the State Statute. In any event the evidence conclusively establishes that Elkins Institute of Radio & Electronics is not a public school.

Applying the rule set out in the Armstrong case, we have concluded that the judgment should be affirmed.

The judgment is affirmed.