**Bill ELLIOTT, County Judge of Harris County, Texas et al., Appellants,**

v.

**Raymond W. DAWSON, Appellee.**

No. 15798.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 11, 1971.

Joe Resweber, County Atty., Billy E. Lee, Asst. County Atty., Houston, for appellants.

Theo. R. Kirchheimer, Houston, for appellee.

BELL, Chief Justice.

Raymond W. Dawson made application for an on-premises retail dealer's license for beer and wine and County Judge Bill Elliott denied the application. He appealed to the district court and obtained a judgment granting his application for a beer and wine license. The main issue before us is whether the findings of the County Judge are reasonably supported by substantial evidence.

"The correctness of the order of the county judge, and consequently of the judgments of the district court and Court of Civil Appeals, is to be tested by the application of the substantial evidence rule." Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, 202 (1949).

When the courts sit in review of evidence before the county judge, the applicable standard requires a review of all the evidence, not merely that which supports the order of the county judge. Jones v. Marsh, supra; Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424. If there be only a scintilla of evidence, the order of the county judge should be reversed. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340. Because the preponderance of the evidence is against the finding of the county judge it is not grounds to reverse his judgment. Hawkins v. Texas Co., supra.

Under the substantial evidence rule neither the district court nor this court may set aside the county judge's order merely because the evidence is conflicting, if there is substantial evidence in reasonable support of that order. Jones v. Marsh, supra; Texas Liquor Control Board v. Redd, Tex.Civ.App., 285 S.W.2d 400.

It is the evidence introduced in the district court, not that which was introduced before the county judge or Liquor Control Board, to which we must look in determining whether appellants failed to discharge their burden. Our duty is to ascertain from the record made in the district court

whether there is sufficient evidence reasonably sufficient to support the challenged order. Jones v. Marsh, supra; Vrocher v. Texas Liquor Control Board, Tex.Civ.App., 350 S.W.2d 349. The reviewing court may not substitute its discretion for that committed by statute to the county judge. Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528. In determining the question of substantial evidence, the test has been announced in Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W.2d 1022 (1942), and Trapp v. Shell Oil Co., supra:

> "If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

▪ The county judge in passing upon an application for a beer license may consider the several factors listed in Article 667–6(d), Texas Liquor Control Act, but he is not limited to those matters. Jones v. Marsh, supra; Ramos v. Austin, supra. The Act expressly and broadly empowers the judge to examine the place in which the permit will exist and also to inquire into the jeopardy to the peace, morals, health, or safety of the general public. The location and surroundings of a proposed retail beer business and the number of such licensed establishments in the community are proper considerations and may be the basis for the refusal of a license.

In the case at bar the main contention is based on the location of the proposed "on premises" lounge, and not to the character of the applicant as a licensee. The applicant had owned and operated three other places of business in which beer is sold, and there had been no complaints against him arising out of the operation of those businesses. The proposed lounge would be located on the opposite side of the street where an elementary school is located. The applicant gave testimony as to the location of other "on premises" and "off premises" businesses in the immediate area. It was shown that within a ten-block radius of the proposed lounge there were fourteen on-premises licenses, six off-premises licenses and three liquor stores. In the same block and on the same side of the street of the proposed lounge there was a liquor store, a drive-in with an off-premises license and a drive-in lounge with an on-premises permit. Immediately across the street from the proposed lounge and school and in the same block was a pizza place with an on-premises license, and two establishments with off-premises licenses.

Four witnesses testified for the contestants, one of whom was an apartment complex owner (Clayton Smith) whose apartments were located next to the proposed lounge and across from the school. He testified that some 156 children live in the apartment complex, and that the main reason people live in his apartments is because they are so close to the school. If the lounge is allowed to open, there would be an adverse effect as people would not want their children to have to walk in front of a lounge to get to school. Thus he felt it would be bad for his apartment business.

James R. Hibbits, parent and property owner in the area, testified that he had objections to the lounge and that he felt it would have an effect on property values in the neighborhood.

J. J. Conner, principal of the elementary school, said he opposed the location of the lounge, but that it would not affect attendance of the school.

W. L. Davis, member of the School Board, testified that they try to locate schools in residential areas, but he agreed that this area was highly commercial.

There was further testimony as to appellants' main objection, that no other license issued in the area was as close to the school as the proposed lounge. Also the on-premises permit across from the school was an eating place, which allegedly distinguished it from the proposed lounge.

▪ The case of Clark v. Liquor Control Board, 357 S.W.2d 176 (Tex.Civ.App. —Beaumont 1962, n. w. h.), involved simi-

lar facts to those presented here. There the Court of Civil Appeals in reversing the judgment of the district court which had affirmed denial of a license by the county judge, held in part as follows:

> "Does the testimony justify the refusal to issue the license sought? We think not. The question whether the sale and purchase of beer is an immoral act, as presented in this case, is a political one decided by the voters under the Local Option sections of the Liquor Control Act. This Act provides if the sale of beer is permitted within an area that, upon the adoption of the provision of Art. 666–25a, by the Commissioners' Court, or governing body of the city involved, no such sale may be conducted within 300 feet of a public school as defined in that Act. The Legislature has thus established the proscribed distance, and it is not within the province of the court to substitute its judgment therefor."

See also: Maple Lawn Baptist Church v. Lawrence, 442 S.W.2d 910 (Tex.Civ.App. —Eastland 1969, writ ref., n. r. e.); Killingsworth v. Broyles, 300 S.W.2d 164 (Tex.Civ.App.—Austin 1957, n. w. h.).

We believe that the reasoning in Clark and the other cases cited supports the holding that the order of the County Judge here, denying the license, was not reasonably supported by substantial evidence. The County Judge found that granting the permit *"may* result in jeopardy to the peace, morals, health and safety of the neighborhood." Art. 667–6(d) authorizes refusal of a permit if the place where beer is to be sold is *likely* to result in jeopardy to the morals, peace, health or safety of the general public. "May" means possibly. "Likely" means probably. Appellants' Point of Error One is overruled.

■ Appellee testified earlier of the existence of other on-premises and off-premises licenses in the immediate area. It thus appears that appellee here has met all requirements of the law; that his location was in a wet area and not within the prohibited distance from a public school; and that other establishments in the immediate vicinity and similarly situated sold beer under either on-premises or off-premises licenses. A denial of an off-premises license to appellee under these conditions would be to discriminate between appellee and his competitors. See Smith v. Cove Area Citizens Committee, 345 S.W.2d 850 (Tex.Civ.App.—Austin 1961, writ ref., n. r. e.); Morton v. Plummer, 334 S.W.2d 322 (Tex.Civ.App.—Austin 1960, n. w. h.); State v. Peeler, 200 S.W.2d 874 (Tex.Civ. App.—Ft. Worth, 1947, n. w. h.). In Smith v. Cove Area Citizens Committee, supra, the court held in part as follows:

> "The denial of an application for Off-Premises Beer Permit must be supported by substantial evidence and the action of the County Judge in this case should have been set aside by the District Court. The County Judge cannot discriminate between parties upon an equal footing, but the denial of the permit must be supported by some factual basis to show an unusual condition in substance such as is set out in the statute. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198."

In State v. Peeler, supra, the court held in part:

> "The county judge cannot discriminate between parties upon equal footing, even though the Act rightfully gives the county judge wide latitude and discretion in making his ruling, yet the order cannot discriminate against an applicant unless there is reasonable basis for it. In order to deny a license, there must be some factual basis to show an unusual condition, in substance such as set out in Section 19(b) of Art. 667, Penal Code, as well as failure of the applicant to meet any one of the requirements as set out in the Act."

Appellants' Point of Error Two is overruled.

Judgment affirmed.