Charles C. DAVIS, Jr., Appellant,

v.

CITY OF DALLAS and Board of Trustees of the Pension Fund of the City of Dallas, Appellees.

No. 4553.

Court of Civil Appeals of Texas, Eastland.

June 2, 1972.

Rehearing Denied June 23, 1972.

**434**

Hooks, Wyrick, Rodehaver & Walker, Sam C. Rodehaver, Dallas, for appellant.

Ted P. MacMaster, Asst. City Atty., Dallas, for appellees.

WALTER, Justice.

This is a substantial evidence case. An administrative agency of the City of Dallas pursuant to Article 6243a denied Charles C. Davis' application for a disability pension and he appealed to the District Court. The court rendered a judgment that he take nothing. He has appealed and contends the court erred in refusing to find that the decision of the Board of Trustees of the Pension Fund of the City of Dallas was not supported by substantial evidence.

Appellant contends the facts are as follows:

"Appellant became employed in the Operation's Division of the City of Dallas Fire Department as a fire fighter in December of 1947. He continued his duties in this division for twenty-one and a half years with the exception of a two week period during which he was employed in another division of the Fire Department, and attained the rank of Lieutenant in 1959. On August 31, 1962, appellant sustained an injury to his lungs by breathing chlorine gas or some other such substance at a fire he was attempting to extinguish while on duty. Such injury to appellant's lungs caused him to suffer a disabling cough whenever his lungs were aggravated by smoke, irritants, and in particular cold weather. Appellant's condition continued to worsen as time progressed, and he was required to take a considerable amount of sick leave and to hire substitutes to work for him in the winter months, and in addition resorted to taking his vacation during the winter months. Because of health reasons, appellant resigned from the City of Dallas Fire Department on August 27, 1969. Specifically, appellant spent the majority of his time recouperating from coughing seizures after being exposed to cold air and smoke on a fire run during the winters of 1968 and 1969. After filing his application for a disability pension, appellant was offered a job in the Fire Prevention and Education Division of the City of Dallas Fire Department, which division functions primarily by presenting educational programs for schools, service clubs, and church groups, and by teaching fire prevention. By accepting such position, appellant would have sustained a reduction in rank from that of Lieutenant, and a corresponding reduction in his wage rate. Appellant's application for a disability pension was subsequently denied by appellees apparently because of the recommendation of Dr. Dewlett, the City Health Director, that appellant could be transferred to other lighter duties somewhere within the Fire

Department. At the time of appellant's resignation, there was no set policy within the City of Dallas Fire Department regarding the transfer of employees between the various divisions of the Fire Department, or the assigning of disabled employees to lighter duties in other divisions."

Appellant's position on appeal is that there is not a scintilla of evidence to refute his claim that he was at the time of his resignation disabled from performing his usual duties.

 The order of the Board of Trustees of the Pension Fund is presumed to be a valid exercise of the power and discretion conferred upon it. Gerst v. Guardian Savings and Loan Association, 434 S.W.2d 113 (Tex.Sup.1968). If the findings of the Board of Trustees had any reasonable basis in fact and are not arbitrary and capricious, its order denying Davis' claim to a disability pension must be affirmed. Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.2d 505 (Tex.Sup.1934).

In W. Sale Lewis, Savings & Loan Commissioner et al. v. Southmore Savings Association, 15 Tex.Sup.Ct.J. 26 (April 5, 1972), at page 264 the Court said:

"The rule was further clarified in Trapp v. Shell Oil Co., supra, to be that the Commission's order would be upheld if the prevailing party could produce substantial evidence in support of the order. The court determines from all of the evidence before it, the entire record, whether the Commissioner's action is or is not reasonably supported by substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the Court. Railroad Commission v.

Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1943); Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338 (1948); Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949); Guinn, Administrative Law, 24 Southwestern Law Journal 216 (1970); Guinn, Judicial Review of Administrative Orders, 23 Baylor Law Rev. 34 (1971).

The word 'reasonably' has been deliberately used in the statement and its use gives to the judicial review a broader scope than it would have if some evidence were regarded sufficient to sustain the Commission's order. Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420 (1946); Trapp v. Shell Oil Co., Inc., supra; Hawkins v. Texas Co., supra.

In applying the Texas substantial evidence review to savings and loan cases, this Court in Bay City Fed'l Savings and Loan Ass'n v. Lewis, Commissioner, 474 S.W.2d 459 (Tex.1971), we held 'that review of the Commissioner's findings is not by a preponderance of the evidence test, because 'the court would be in the attitude of impermissibly substituting its judgment for the expertise of his statutory discretion.' Gerst v. Goldsbury, 434 S.W.2d 665 (Tex.1968). It was said in that case: 'Where there is substantial evidence which would support either affirmative or negative findings, the order must stand, notwithstanding the Commissioner may have struck a balance with which the Court might differ.' "

 Applying the appropriate rule set forth in the above authorities, we have carefully reviewed the record and find that appellant has not discharged his burden of establishing that the trial court erred.

The judgment is affirmed.