**In re the SIMONTON GIN, INC., Wine and Beer Retailer's Permit.**

**No. 17824.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 5, 1981.

Foster, Pope & Orsak, Logene L. Foster, Sugar Land, for appellant.

Before WARREN, EVANS and DOYLE, JJ.

WARREN, Justice.

This is an appeal from an order of the district court of Fort Bend County which affirmed the order of the county judge denying an application for a license to sell beer and wine for on-premises consumption.

Appellant, a Texas Corporation, made the application for a Wine and Beer Retailer's Permit to be used at a place of business in the village of Simonton. It is undisputed that the area is wet, that appellee has met all the requirements of the law, that the location is not near any schools or churches and that there are no mandatory or discretionary grounds for refusal as provided by Section 61.42 and 61.43 of the Alcoholic Beverage Code. The character of the applicant is not in issue.

Appellant's president testified that an old cotton gin was to be converted into a combination dance hall, saloon, flea market and artisan shops; that the business was to be open only on Friday, Saturday and Sunday nights; that extensive improvements had been made, including $3000 spent for insulation to contain noise and that he intended to sell beer until 2:00 A.M. on weekends, when the establishment was to be open. The man who installed the insulation in the building testified that he had installed the same type of insulation in other buildings and that it had significantly reduced the noise.

The establishment for which the license is sought is situated on what appears to be about an acre of land at the intersection of F.M. Road 1093 and F.M. Road 1489. F.M. Road 1093 is the main street of Simonton. Along this street there is a scattered business district consisting of a post office, a pecan barn, a liquor store and several establishments which sell groceries and gasoline. There are businesses and residences situated on F.M. 1489. Within a 100 yard radius of the proposed establishment there is one business which is licensed to sell beer for off-premises consumption, one liquor store and two establishments which are licensed to sell beer and wine for on-premises consumption. One of those businesses licensed to sell beer for on-premises consumption is a restaurant which closes at about 7:30 P.M. or 8:00 P.M.; the other is a combination filling station-grocery store (Tawndry's) in which there are facilities to accommodate the on-premises consumption of beer. There are also 3 or 4 residences within a 100 yard radius of the gin.

Three witnesses testified in opposition to the granting of a license. The first testified that he lived 50 or 60 feet from the gin premises; that there were dangerous traffic problems existing in the area on weekends and that the business would make it worse; that he used to live about 200 feet from Tawndry's when it had dancing and it kept him awake, and that he would object to any place in the area being granted a permit for the on-premises consumption of alcohol. This witness also claimed that the man who installed the septic tank was incompetent.

The next witness testified that she objected to a dance hall next to where her husband had to rest to go to work the next day. She did not testify regarding the distance of her house from the gin property.

The remaining witness in opposition stated that she lived about sixty feet farther from the gin than did the first witness; that when Tawndry's was a dance hall she was kept awake a lot on the weekends, and that she objected to appellant opening a dance hall that would serve alcoholic beverages.

It is our duty to determine whether there was substantial evidence introduced in the district court to support the order of the county judge denying the permit. *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198 (1949) V.T.C.A. Alcoh.Bev.Code § 11.67 and § 61.-34.

The various tests of whether there was substantial evidence and their application to our method of review are explained succinctly in *Jones v. Marsh, supra* and in *Elliott v. Dawson*, 473 S.W.2d 668 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ) so we need not repeat them here.

Before a permit can be denied to a fully qualified applicant who proposes to operate a lawful business in a wet area, some unusual condition or situation must be shown to exist which would justify the refusal. *Texas Alcoholic Beverage Commission v. Mikulenka*, 510 S.W.2d 616 (Tex.Civ. App.—San Antonio 1974, no writ).

The testimony of the witnesses regarding possible traffic hazards amounted only to conclusions and the testimony concerning the incompetency of the party who installed the septic tank was merely an accusation.

The only possible ground for denying the application would be that the establishment would be noisy and keep nearby residents from sleeping. The testimony regarding this was mostly an assumption, based on the witnesses' prior experience with Tawndry's. It is common knowledge that establishments of this type can be loud and offensive to those nearby but it is not necessary that they be such. The applicant and another witness testified to the precautions that had been taken to prevent this. However, if applicant operates a noisy or disorderly establishment then § 11.61, V.T.C.A. Alcoholic Beverage Code, provides that the Commission or Administration may suspend or cancel the permit.

We hold that the denial of the permit was not supported by substantial evidence.

The judgment denying the application is reversed and rendered.