Mike BISHOP, et ux., Appellants,

v.

C.H. MARTIN, et al., Appellees.

No. 07–86–0299–CV.

Court of Appeals of Texas, Amarillo.

Nov. 19, 1987.

Rehearing Denied Dec. 21, 1987.

Philip W. Johnson Crenshaw, Dupree & Milam, Lubbock, for appellants.

Sue Berkel, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, for appellees.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

The controlling determination in this appeal is whether the trial court correctly reviewed the decision of the Texas Department of Human Resources to revoke and not renew a license to operate a child day-care center under the substantial evidence rule instead of granting a trial de novo. Determining that the court erred in not affording a trial de novo, we reverse and remand.

Following administrative procedure, including a hearing, appeal and review, the Department revoked, and denied the pending application for renewal of, the license granted to Mike and Nancy Bishop to operate a child day-care center in Lubbock County. The Bishops challenged the Department's decision by timely filing suit in a district court of Lubbock County.

The Department moved the court for, and the court granted, judicial review under the substantial evidence rule. Upon review of the record made in the Department, the court found substantial evidence to support the Department's decision. Thereupon, the court rendered judgment decreeing that the Bishops take nothing and that their cause be dismissed with prejudice.

Appealing, the Bishops present by the first two of their four points of error the contention that the court erred in using the substantial evidence standard of review in lieu of granting them a trial de novo. We agree.

The Legislature enacted the Human Resources Code to, among other things, protect the health, safety, and well-being of children who reside in child-care facilities by regulating the facilities through a licensing program. The denial or revocation of a license may be challenged by the filing of a suit in a proper district court. "The trial shall be de novo." Tex.Hum.Res.Code Ann. § 42.072(h) (Vernon 1980).

It has been held that the scope of judicial review under a statute providing for a trial de novo, appraised by the subject matter of the statute and the nature of the administrative decision, may be one limited to a determination whether the administrative decision is reasonably supported by substantial evidence, *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198, 201 (1949), or an original and independent trial in which the evidence is weighed by the preponderance of the evidence standard. *Key Western Life Ins. Co. v. State Board of Insurance*, 163 Tex. 11, 350 S.W.2d 839, 846 (1961). However, the Legislature has eliminated any question of the scope of judicial review for the denial or revocation of a license to operate a child day-care facility by specifically prescribing the scope.

Before enacting the Human Resources Code, the Legislature had enacted the Administrative Procedure and Texas Registry Act. The purpose of the Act was to declare the public policy to, among other matters, "afford minimum standards of uniform practice and procedure for state agencies ... and to restate the law of judicial review of agency action." Tex.Rev.Civ. State.Ann. art. 6252–13a, § 1 (Vernon Supp.1987). The Act, containing in section 19 a recognition of judicial review of any agency action either by a trial de novo or under the substantial evidence rule and the scope of each, has the specification in section 19(e) that "[t]he scope of judicial review of agency decisions is as provided by the law under which review is sought."

The law under which the Bishops sought judicial review is the Texas Human Resources Code, which provides for a trial de novo for their challenge to the Department's decision. Under the specification of a trial de novo,

the reviewing court shall try all issues of fact and law in the manner applicable to other civil suits in this state but may not

admit in evidence the fact of prior agency action or the nature of that action (except to the limited extent necessary to show compliance with statutory provisions which vest jurisdiction in the court). Any party to a trial de novo may have, on demand, a jury determination of all issues of fact on which such a determination could be had in other civil suits in this state.

Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19(c) (Vernon Supp.1987). Stated another way in the Act,

Where the law authorizes appeal by trial de novo, the courts shall try the case in the manner applicable to other civil suits in this state and as though there had been no intervening agency action or decision.

Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e) (Vernon Supp.1987). In contrast, the restatement of the law of judicial review of agency action sanctions review under the substantial evidence rule only "[i]f the manner of review authorized by law for the decision complained of is other than by trial de novo." Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(d) (Vernon Supp.1987).

Clearly, then, the Bishops were and are entitled to judicial review of their challenge to the Department's adverse decision by the statutorily prescribed trial de novo uninfluenced by the Department's record. Thus, the trial court was without authority to substitute the nonstatutory substantial evidence standard of review. *Key Western Life Ins. Co. v. State Board of Insurance, supra*, 350 S.W.2d at 846. The first two points of error are sustained.

The sustention dictates a reversal and remand. Hence, it becomes unnecessary to address the Bishops' third and fourth points of error, by which they complain of the admission of hearsay testimony and the lack of substantial evidence to support the Department's decision, for sustaining or overruling the points, or either of them, would not result in a different disposition. Tex.R.App.P. 90(a); *Cornell & Co. v. Pace*, 703 S.W.2d 398, 404 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

The judgment is reversed and the cause is remanded to the trial court for a trial de novo.