ACCEPTED
03-15-00363-CV
6936678
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/15/2015 3:29:50 PM
JEFFREY D. KYLE
CLERK

CASE NO. 03-15-00363-CV

## IN THE COURT OF APPEALS
## FOR THE THIRD JUDICIAL DISTRICT AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/17/2015 4:17:50 PM
JEFFREY D. KYLE
Clerk

**TEXAS DEPARTMENT OF FAMILY & PROTECTIVE SERVICES,**

*Appellant,*

v.

**BRILLIANT STARTS LEARNING ACADEMY, L.L.C.**

*Appellee.*

On Interlocutory Appeal from the 207TH District Court, Comal County,
Texas; Cause No. C2015-0676B; before the Honorable Dib Waldrip

## APPELLANT'S BRIEF and APPENDIX

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

Pat Tulinski
State Bar No. 20283485
Assistant Attorney General
TEXAS ATTORNEY GENERAL'S OFFICE
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:  (512) 475-4170
Facsimile:   (512) 320-0167
pat.tulinski@texasattorneygeneral.gov
Attorneys for Appellant

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL:

**Appellant**: Texas Department of Family & Protective Services ("DFPS")

Counsel for Appellant:

> Pat Tulinski
> TBN 20283485
> Assistant Attorney General
> Texas Attorney General's Office
> Administrative Law Division
> 300 W. 15th Street, 10th Floor
> Austin, Texas 78711
> Tel. 512-475-4170
> Fax 512-320-0167
> Email: pat.tulinski@texasattorneygeneral.gov

**Appellee**: Brilliant Starts Learning Academy, LLC ("Daycare")

Counsel for Appellee:

> Gregory B. Cagle
> TBN 00790414
> 1602B State Street
> Houston, Texas 77007
> Tel. 713-489-4789
> Fax 713-489-4792
> Email: gcagle@tmpalawyer.com

> Scot R. Courtney
> TBN 00790515
> P.O. Box 787
> San Marcos, Texas 78677-0787
> Tel. 512-392-9292
> Fax 512-532-6766

# TABLE OF CONTENTS

Identity of Parties and Counsel.............................................................................. ii

Index of Authorities .............................................................................................. iv

    I.    Statement of the Case and Procedural History....................................... 1

    II.    Request for Oral Argument..................................................................... 2

    III.  Jurisdictional Statement ......................................................................... 2

    IV.  Standard of Review................................................................................. 2

    V.    Issue Presented....................................................................................... 4

    VI.    Statement of Facts and Argument.......................................................... 4

    VII.  Conclusion and Prayer........................................................................... 8

    VIII. Trap 9.4(I)(3) Certificate of Compliance .............................................. 9

    IX.    Certificate of Service ............................................................................. 10

# INDEX OF AUTHORITIES

### Cases

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)...............................................3

*Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 935-36 (Tex. App. – Austin 1987, no writ) ........................................................................................................................3

*Sonwalkar v. St. Luke's Sugar Prop. Partnership, L.L.P.,* 394 S.W.3d 186, 197 (Tex. App. – Houston [1st Dist] 2012, no pet.)...............................................................................6

### Statutes

Texas Civil Practice & Remedies Code § 51.014(a)(4) (West 2014)...............................2

Tex. Hum. Res. Code § 42.072(e) (West 2013) ................................................... *passim*

Tex. Civ. Prac. & Rem. Code Ann. § 65.001 (West 2008) ...........................................6

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Appellant Texas Department of Family & Protective Services ("DFPS") respectfully requests that this Court dissolve the Temporary Injunction issued by the District Court.

I.      Statement of the Case and Procedural History.

An employee of Brilliant Starts' Learning Academy, LLC ("daycare") intentionally and routinely assaulted many children in care. RR Vol. 1[1] at 86 and Defendant's Exhibit 1[2] (video excerpts of assaults). When DFPS became aware that 2 of the 3 owners of the daycare were indicted on felony charges of failure to report child abuse, DFPS issued an emergency order, closing the daycare for 30 days, while DFPS attempted to complete an investigation concerning the injuries. RR Vol. 1 at 91. On the daycare's request, District Judge Dib Waldrip granted an *ex parte* Temporary Restraining Order, effectively voiding DFPS's emergency closure order and allowing the daycare to continue operating. See Order Dated May 4, 2015. DFPS then moved to dissolve the Temporary Restraining Order, which Judge Waldrip heard and denied. RR Vol 1 at 165. Having completed its investigation and having clarified with Judge Waldrip that his restraining order was not intended to

---

[1]  Volume 1 is a court reporter's record of the hearing on DFPS's Motion to Dissolve TRO on May 11, 2015. All evidence from this hearing was subsequently admitted into evidence at the hearing on the Temporary Injunction (RR   Vol 2 at 31) (May 15, 2015).

[2] The Reporter's Index to Exhibits erroneously reflects that this videotape was sealed by the trial court. However, the videotape was admitted into evidence without any conditions imposed by

1

prevent DFPS from taking further action concerning the daycare's license, DFPS made its determination and revoked the daycare's license. Judge Waldrip subsequently granted a second *ex parte* Temporary Restraining Order allowing the daycare to continue operating. See Order Dated May 13, 2015. This second *ex parte* TRO was entered even after counsel for DFPS had made a live appearance in court arguing the motion to dissolve. RR Vol. 2 at 5. Ultimately, after another hearing, Judge Waldrip granted the daycare's request for a temporary injunction, allowing the daycare to continue operating – under specific conditions -- while it challenges, through the administrative process, the revocation of its license. DFPS is presently arguing to this Court that Judge Waldrip abused his discretion in granting the daycare's request for a temporary injunction.

## II.    Request for Oral Argument.

Appellant believes oral argument will aid the Court in its decision.

## III.    Jurisdictional Statement

Under the authority of Texas Civil Practice & Remedies Code § 51.014(a)(4) (West 2014), this Court has jurisdiction to consider this interlocutory appeal from the District Court's granting of a Temporary Injunction.

## IV.    Standard of Review.

In an interlocutory appeal from a temporary injunction, appellate review is strictly limited to evaluating whether there has been an **abuse of discretion**.

---

the trial court.

2

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (emphasis added). A trial court's action is not an abuse of discretion if the court exercises its discretion **within the correct legal parameters**. *Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 935-36 (Tex. App. – Austin 1987, no writ). Thus, if the trial judge exercises a power of choice given him by law, and does so in a way that is lawful in every respect, he has commits no legal error. *Id.* Conversely, if the trial judge exercises a power of choice clearly not given to him by law, he has committed legal error and abused his discretion. *Id.*

Here, the trial judge failed to make the single determination specifically authorized by section 42.072(e) of the Human Resources Code. That section allows a daycare to seek injunctive relief to allow continued operation during the pendency of an appeal of a license revocation if the daycare can show that there is no risk of harm to the health or safety of children. Tex. Hum. Res. Code § 42.072(e) (West 2013). Specifically, the trial court may grant injunctive relief "only if the court finds that the child-care operation does not pose a health or safety risk to children." *Id.* Thus the trial court committed **legal error by venturing far beyond the legal parameters or authority** granted to a district court by the Legislature in section 42.072(e). The trial court's Temporary Injunction attempts to cure the existence of a health or safety risk to children, by appointing a person to oversee the daycare. This is reversible error for two reasons: (1) the trial court's attempted "fix" for the health or safety risk to children itself acknowledges the existence of a health or

safety risk; and (2) the Legislature did not grant the trial court the power to attempt to cure the health or safety risk to children; rather, the Legislature simply directed the trial court to determine whether there is a risk or not. If there is a risk, then the granting of a temporary injunction is error. The Legislature clearly did not give the trial court the power to find the existence of a risk to the health or safety of children and, despite the risk, substitute its judgment for that of DFPS and grant a temporary injunction allowing the daycare to continue operating. This is where the trial court abused his discretion.

## V. ISSUE PRESENTED

Does a trial court abuse its discretion by granting a Temporary Injunction, under the statutory authority of Texas Human Resources Code § 42.072(e) (potentially allowing a child-care operation to continue operating during its administrative appeal of the revocation of its license), when the trial court finds a risk to the health or safety of children, then attempts to mitigate the risk by imbedding conditions in the Temporary Injunction? Yes.

VI.    Statement of Facts and Argument.

Because this appeal is limited to a single issue involving a legal error, DFPS presents a very brief summary of the facts to put the case in context for the Court, as the "facts" are not required for the Court to determine this appeal.

In December 2014, an employee of the daycare injured a small child in care by lifting him off the ground and throwing him down on a thin mat. See RR Def.

4

Ex.1 (Video). In the process, the child's body struck a vertical surface before he struck the ground. *Id.* The abuse bloodied his face and shirt, bringing attention to the event. *Id.,* RR Vol. 2 at 28. The daycare attempted to mislead the boy's father, telling him that his son tripped and fell. RR Vol. 2 at 26-34. The father subsequently reported the incident to the New Braunfels' Police Department. RR Vol. 2 at 124. Also, a report was made by the daycare to DFPS, concerning this single incident which DFPS was subsequently told by the daycare resulted in the termination of the employee. RR Vol. 2 at 36. At the direct urging of the local police, the daycare was instructed to review the recorded video from that employee's "classroom" to see if there was evidence of additional prior abuse. RR Vol. 2 at 124, 132. The daycare's video system taped over itself every two weeks, so evidence reflecting the activities of the employee in this classroom was available for the prior two-week period. RR Vol. 2 at 125. As it turns out, the employee had been repeatedly abusing the young children in her care, in the same manner. See RR Def. Ex. 1 (Video). DFPS first became aware of the two weeks of abuse to children, amounting to 15-17 reportable events of abuse, when the Comal County District Attorney brought the existence of the tape and the abuse to DPFS's attention in February, 2015. RR Vol. 2 at 126. And, DFPS obtained the video evidence on March 17, 2015. RR Vol. 2 at 154. The daycare never reported any of the additional 15-17 instances of child abuse to DFPS, as required by law. RR Vol. 2 at 111, 117. In April, 2014, the Comal County grand jury indicted two of the three owners of the

5

daycare for failure to report child abuse with intent to conceal. RR Vol. 2 at 91. When that occurred, DFPS issued an emergency closure order, closing the daycare for 30 days while DFPS could investigate the concealment allegations. RR Vol. 2 at 92-93, 156. This order was the subject of the first *ex parte* TRO issued by Judge Waldrip. The subject of the second *ex parte* TRO issued by Judge Waldrip was DFPS's revocation of the daycare's license.

When a daycare's license is revoked, and DFPS shuts down the facility, the daycare has a remedy under Texas Human Resources Code § 42.072(e), stating in relevant part:

> A person who has been notified by the department that the facility or home may not operate under this section may seek injunctive relief from a district court in Travis County or in the county in which the facility or home is located to allow operation during the pendency of an appeal. ***The court may grant injunctive relief against the department's action only if the court finds that the child-care operation does not pose a health or safety risk to children.***

Tex. Hum. Res. Code § 42.072(e) (West 2013) (emphasis added).

This statute is the sole legal authority under which the trial court could grant an injunction in this case. When an applicant for an injunction relies on a statute that defines the requirements for injunctive relief, then the express statutory language supersedes any common-law requirements for the issuance of an injunction. *Sonwalkar v. St. Luke's Sugar Prop. Partnership, L.L.P.,* 394 S.W.3d 186, 197 (Tex. App. – Houston [1ˢᵗ Dist] 2012, no pet.); <u>see</u> <u>also</u> Tex. Civ. Prac. & Rem. Code Ann. § 65.001 (West 2008) ("The principles governing courts of equity govern

6

injunction proceedings if not in conflict with this chapter or *other law*.") (emphasis added).  Thus, this Court must solely look at the express language of section 42.072(e) to resolve this case.

Clearly the statute provides that the district court's role is to determine whether or not the daycare poses a health or safety risk to children – that is all.  The Legislature made no provision for a trial court to substitute its judgment for that of DFPS, determine that there is risk to children, attempt to mitigate the risk, and then grant the injunction against the Department.

That is precisely what the trial court did in this case.  The Temporary Injunction sets out certain terms that are directed toward mitigating the health or safety risk to children, by appointing an independent person to be present at the daycare ten hours a week to, presumably, help reduce the risk to the health or safety of children.  The existence of the conditions that the trial court placed on the daycare demonstrate that, as a matter of fact and law, the trial court found a risk to the health or safety of children at the daycare.  This was beyond the power granted by the Legislature to the district court.  And it was error.  The Legislature tasked the district court with calling balls and strikes, not throwing the pitches.  Once the trial court found that there was a risk to the health or safety of the children, he had but one option – deny the requested injunctive relief.

As DFPS detailed under its discussion of the standard of review, it is an abuse of discretion for a trial court to venture beyond the legal parameters set out by the

Legislature. In this case, the trial courts actions speak far louder than its words. The trial court denied the existence of risk to the health or safety of children, then he went forward to attempt to mitigate that very risk. On its face, the Temporary Injunction demonstrates that the trial court believed there was a risk to the health and safety of children.

VII.    Conclusion and Prayer.

The trial court's order granting an injunction against DFPS is fatally flawed. The test set out for the trial court by the Legislature was to make a determination of whether there was a risk to the safety or health of children in care. Once the trial court determined there was such a risk, he did not have the legal authority to attempt to mitigate the risk yet still grant the injunction. Clearly, based on the trial court's actions, it was determined to allow the daycare to continue to operate regardless of the risk to children. Only then does the trial court find it necessary to attempt to mitigate the existing risk. This was beyond the legal authority granted to the district court by the Legislature. And, it constitutes a relatively rare clear example of a reversible abuse of discretion.

WHEREFORE, PREMISES CONSIDERED, the Texas Department of Family & Protective Services respectfully prays that this Court reverse the decision of the trial court and dissolve the Temporary Injunction. The Department further requests any additional relief, at law or in equity, to which it may be justly entitled.

SIGNED this 15th day of September, 2015.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division


*/s/ Pat Tulinski*
Pat Tulinski
TBN 20283485
Assistant Texas Attorney General
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:  (512) 475-4170
Facsimile:   (512) 320-0167
pat.tulinski@texasattorneygeneral.gov


## VIII.  TRAP 9.4(i)(3) CERTIFICATE OF COMPLIANCE

This brief was prepared with a conventional 14-point typeface, with footnotes in 12-point typeface.  The computer program used to prepare this document determined the word count to be 2,340 which includes all words contained in this brief, excepting the cover page and index of authorities.

## IX. CERTIFICATE OF SERVICE

I certify that, on September 15, 2015, a true and correct copy of the Appellant's Brief and Appendix was served on the party of record as shown below:

**Brilliant Starts Learning Academy, L.L.C.**
**Appellee**

Gregory B. Cagle
Regional Attorney
Texas Municipal Police Association
1602B State St.
Houston, TX 77007
Telephone: (713) 489-4789
Facsimile:  (713) 489-4792
gcagle@tmpalawyer.com


*/s/ Pat Tulinski*
Pat Tulinski

**Appendix A**

**Order Granting Injunction**

**(May 19, 2015)**

**CAUSE NO. C2015-0676B**

| | | |
|---|---|---|
| BRILLIANT STARTS LEARNING ACADEMY, L.L.C. | § § § | IN THE DISTRICT COURT |
| V. | § § | 207th JUDICIAL DISTRICT |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES | § § § | COMAL COUNTY, TEXAS |

## ORDER GRANTING INJUNCTION

The petition of BRILLIANT STARTS LEARNING ACADEMYT, L.L.C, plaintiff in this cause, for a temporary injunction came on regularly for hearing this day, due notice having been given. The parties appeared in person and by their attorneys. On considering the evidence received and the argument of counsel, the Court finds and concludes that plaintiff will probably prevail on the trial of this cause; that Texas Department of Family and Protective Services., defendant, has unilaterally and without a hearing closed the Plaintiff's business and before the Court can render judgment in this cause; that if defendant is permitted to keep the Plaintiff closed, the Plaintiff will suffer irreparable harm and tend to make ineffectual a judgment in favor of the plaintiff, and plaintiff will be without any adequate remedy at law in that their customers will have enrolled in other facilities, their employees will lose their jobs, and the children enrolled in the facility will have to find alternative care. THE COURT FINDS THAT THE PLAINTIFF DOES NOT POSE A HEALTH OR SAFETY RISK TO CHILDREN.

IT IS, THEREFORE, ORDERED that the Texas Department of Family and Protective Services, is commanded forthwith to withdraw the Emergency Suspension and Closure Order and desist and refrain from issuing a subsequent Order or other administrative action forcing closure until judgment in this cause is rendered by this Court or the State Office of Administrative Hearings BECOME FINAL. UNTIL PROCEEDINGS BEFORE

IT IS ALSO ORDERED THAT THE PLAINTIFF SHALL DESIGNATE A PERSON NOT NOR A CURRENT EMPLOYEE OF PLAINTIFF AS A CONSULTANT RELATED TO ANY OF THE CONTROLLING PERSONS, WHO SHALL BE ALLOWED ACCESS TO ALL RECORDS, INCLUDING DIGITAL VIDEO RECORDINGS, TO ENSURE THERE IS NOT A HEALTH OR SAFETY RISK TO THE CHILDREN IN THE FUTURE. THE PERSON DESIGNATED SHALL REPORT ANY VIOLATIONS DISCOVERED TO THE DEFENDANT AND THE COURT.

IT IS FURTHER ORDERED that trial on the merits of this cause is ordered set

for _MARCH 31, 2016_

This order shall not be effective unless and until plaintiff executes and files with the clerk

a bond, in conformity with the law, in the amount of ___$500.00___ dollars. The plaintiff

shall also maintain their current level of liability insurance. THE BOND POSTED FOR THE TRO
SHALL ACT AS SECURITY FOR THIS TEMPORARY INJUNCTION. (WITH INSURANCE)

The clerk shall forthwith, on the filing by plaintiff of the bond, and on approving the

bond according to the law, issue a temporary injunction in conformity with the law and the terms

of this order.

SIGNED on ___19 MAY___, 2015.

_____
JUDGE PRESIDING

**Appendix B**

**Human Resources Code 42.072**





**Effective: April 2, 2015**

Vernon's Texas Statutes and Codes Annotated Currentness
  Human Resources Code (Refs & Annos)
    Title 2. Human Services and Protective Services in General (Refs & Annos)
      Subtitle D. Department of Family and Protective Services; Child Welfare and Protective Services
        ↖▤ Chapter 42. Regulation of Certain Facilities, Homes, and Agencies That Provide Child-Care Services (Refs & Annos)
          ↖▤ Subchapter D. Remedies
            �489�489 **§ 42.072. License, Listing, or Registration Denial, Suspension, or Revocation**

(a) The department may suspend, deny, revoke, or refuse to renew the license, listing, registration, or certification of approval of a facility or family home that does not comply with the requirements of this chapter, department standards and rules , or the specific terms of the license, listing, registration, or certification. The department may revoke the probation of a person whose license, listing, or registration is suspended if the person violates a term of the conditions of probation.

(b) If the department proposes to take an action under Subsection (a), the person is entitled to a hearing conducted by the State Office of Administrative Hearings. Proceedings for a disciplinary action are governed by the administrative procedure law, Chapter 2001, Government Code. An action under this section, including a revocation of a person's license, is a contested case as defined by Chapter 2001, Government Code, and is subject to judicial review under the substantial evidence rule in accordance with that chapter. Rules of practice adopted by the executive commissioner under Section 2001.004, Government Code, applicable to the proceedings for a disciplinary action may not conflict with rules adopted by the State Office of Administrative Hearings.

(c) The department may not issue a license, listing, registration, or certification to a person whose license, listing, registration, or certification is revoked or whose application for a license, listing, registration, or certification is denied for a substantive reason under this chapter before the fifth anniversary of the date on which the revocation takes effect by department or court order or the decision to deny the application is final.

(c-1) A person described by Subsection (c) may not be a controlling person in any facility or family home during the five-year period in which the person is ineligible to receive a license, listing, registration, or certification.

(d) The executive commissioner by rule may provide for denial of an application or renewal for a licensed facility or for listing or registering a family home or may revoke a facility's license or a family home's listing or registration based on findings of background or criminal history as a result of a background or criminal history check.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(e) A person may continue to operate a facility or family home during an appeal of a license, listing, or registration revocation unless the operation of the facility or family home poses a risk to the health or safety of children. The executive commissioner shall by rule establish the criteria for determining whether the operation of a facility or family home poses a risk to the health or safety of children. The department shall notify the facility or family home of the criteria the department used to determine that the operation of the facility or family home poses a risk to health or safety and that the facility or family home may not operate. A person who has been notified by the department that the facility or home may not operate under this section may seek injunctive relief from a district court in Travis County or in the county in which the facility or home is located to allow operation during the pendency of an appeal. The court may grant injunctive relief against the department's action only if the court finds that the child-care operation does not pose a health or safety risk to children. A court granting injunctive relief under this subsection shall have no other jurisdiction over an appeal of final department action unless conferred by Chapter 2001, Government Code.

(f) The department shall deny an application or renewal for listing or registering a family home or shall revoke a family home's listing or registration if the results of a background or criminal history check conducted by the department under Section 42.056 show that a person has been convicted of an offense under Title 5 [FN1] or 6, [FN2] Penal Code, or Chapter 43, Penal Code.

(g) Notwithstanding Subsection (c), the department may refuse to issue a license, listing, registration, or certification to:

(1) a person whose license, listing, registration, or certification for a facility or family home was revoked by the department or by court order;

(2) a person who was a controlling person of a facility or family home at the time conduct occurred that resulted in the revocation of the license, listing, registration, or certification of the facility or family home;

(3) a person who voluntarily closed a facility or family home or relinquished the person's license, listing, registration, or certification after:

(A) the department took an action under Subsection (a) in relation to the facility, family home, or person; or

(B) the person received notice that the department intended to take an action under Subsection (a) in relation to the facility, family home, or person; or

(4) a person who was a controlling person of a facility or family home at the time conduct occurred that resulted in the closure of the facility or family home or relinquishment of the license, listing, registration, or certification in the manner described by Subdivision (3).

CREDIT(S)

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Acts 1979, 66th Leg., p. 2365, ch. 842, art. 1, § 1, eff. Sept. 1, 1979. Amended by Acts 1983, 68th Leg., p. 111, ch. 23, § 2, eff. Aug. 29, 1983; Acts 1993, 73rd Leg., ch. 977, § 1, eff. Sept. 1, 1993; Acts 1995, 74th Leg., ch. 76, § 5.95(49), eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1022, § 37, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1063, § 7, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1217, § 13, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 218, § 11, eff. Sept. 1, 2001; Acts 2005, 79th Leg., ch. 268, § 1.107, eff. Sept. 1, 2005; Acts 2005, 79th Leg., ch. 526, § 3, eff. Sept. 1, 2005; Acts 2009, 81st Leg., ch. 720, § 13, eff. Sept. 1, 2010; Acts 2011, 82nd Leg., ch. 1082 (S.B. 1178), § 8, eff. Sept. 1, 2011; Acts 2015, 84th Leg., ch. 1 (S.B. 219), § 4.237, eff. April 2, 2015.

[FN1] V.T.C.A., Penal Code § 19.01 et seq.

[FN2] V.T.C.A., Penal Code § 25.01 et seq.

HISTORICAL AND STATUTORY NOTES

2013 Main Volume

Section 21(a) of Acts 2009, 81st Leg., ch. 720 provides:

"Sec. 21. (a) The change in law made by this Act to Subsection (c), Section 42.072, Human Resources Code, applies only to the issuance of a license, listing, registration, or certification to a person whose license, listing, registration, or certification is revoked or whose application for a license, listing, registration, or certification is denied for a substantive reason on or after the effective date [Sept. 1, 2010] of this Act. The issuance of a license, listing, registration, or certification to a person whose license, listing, registration, or certification was revoked or whose application for a license, listing, registration, or certification was denied for a substantive reason before the effective date of this Act is governed by the law in effect when the license, listing, registration, or certification was revoked or the application was denied for a substantive reason, and the former law is continued in effect for that purpose."

Prior Laws:

Acts 1939, 46th Leg., p. 544.

Acts 1941, 47th Leg., p. 914, ch. 562, § 1.

Acts 1949, 51st Leg., p. 743, ch. 402, § 1.

Vernon's Ann.Civ.St. art. 695c, § 8(a), subsec. 7.

Acts 1975, 64th Leg., p. 2248, ch. 708, §§ 19, 26.

Vernon's Ann.Civ.St. art. 695a-3, § 19.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

CROSS REFERENCES

Administrative procedure and practice, see V.T.C.A., Government Code § 2001.001 et seq.
License denial, revocation, suspension, or refusal to renew and reprimand or probation, regulation of child-care and child-placing agency administrators, see V.T.C.A., Human Resources Code § 43.010.

LAW REVIEW COMMENTARIES

Decisionmaker neutrality: Martin Luther King Community Center foster group home. Elwyn C. Lee, 46 Tex.B.J. 812 (1983).

LIBRARY REFERENCES

2013 Main Volume

Infants ☞1382.
Westlaw Topic No. 211.

RESEARCH REFERENCES

2015 Electronic Update

Encyclopedias

TX Jur. 3d Family Law § 2286, Registration of Family Homes; Advertisement.

TX Jur. 3d Family Law § 2295, Generally; Grounds.

TX Jur. 3d Family Law § 2296, Effect of Revocation.

TX Jur. 3d Family Law § 2299, Effect of Appeal.

NOTES OF DECISIONS

Criminal conviction 2
Judicial review 1

1. Judicial review

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Operator of child-care facility exhausted all available administrative remedies by appealing revocation of its operator's license by the Texas Department of Protective and Regulatory Services (TDPRS) to the State Office of Administrative Hearings (SOAH), and thus had a statutory right to judicial review of that decision. Mega Child Care, Inc. v. Texas Dept. of Protective and Regulatory Services (App. 1 Dist. 2002) 81 S.W.3d 470, affirmed. Asylums And Assisted Living Facilities ☜31; Infants ☜1385; Infants ☜1403

Trial court should not have reviewed decision of Department of Human Resources (now, Department of Human Services) to revoke and not renew license to operate child day-care center under substantial evidence rule, but should have granted trial de novo; restatement of law of judicial review of agency action sanctions review under substantial evidence rule only if manner of review authorized by law for decision complained of is other than trial de novo, and § 42.072(h), under which plaintiffs sought judicial review, provided for trial de novo. Bishop v. Martin (App. 7 Dist. 1987) 740 S.W.2d 892, writ denied. Administrative Law And Procedure ☜744.1; Administrative Law And Procedure ☜791; Infants ☜1403

   2. Criminal conviction

The Texas Department of Protective and Regulatory Services may revoke the license of a child-care facility operator who was convicted of a criminal offense. Tex. Atty. Gen. Op., No. JC-0130 (1990).

V. T. C. A., Human Resources Code § 42.072, TX HUM RES § 42.072

Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT





**Proposed Legislation**

1   2015 TX H.B. 550 (NS), 2015 Texas House Bill No. 550, Texas Eighty-Fourth Legislature, (Feb 18, 2015), VERSION: Introduced, PROPOSED ACTION: Amended.

2   2015 TX H.B. 550 (NS), 2015 Texas House Bill No. 550, Texas Eighty-Fourth Legislature, (Dec 19, 2014), VERSION: Prefiled, PROPOSED ACTION: Amended.

**Bill Drafts**

1   2015 TX S.B., 2015 Texas Senate Bill No. 219, Texas Eighty-Fourth Legislature, (Apr 02, 2015), VERSION: Adopted, ACTION: Amended. Updating Legislation: **2015 Tex. Sess. Law Serv. Ch. 1 (S.B. 219) (VERNON'S)**

2   2015 TX S.B., 2015 Texas Senate Bill No. 219, Texas Eighty-Fourth Legislature, (Mar 30, 2015), VERSION: Enrolled, ACTION: Amended. Updating Legislation: **2015 Tex. Sess. Law Serv. Ch. 1 (S.B. 219) (VERNON'S)**

3   2015 TX S.B., 2015 Texas Senate Bill No. 219, Texas Eighty-Fourth Legislature, (Mar 19, 2015), VERSION: Engrossed, ACTION: Amended. Updating Legislation: **2015 Tex. Sess. Law Serv. Ch. 1 (S.B. 219) (VERNON'S)**

4   2015 TX S.B., 2015 Texas Senate Bill No. 219, Texas Eighty-Fourth Legislature, (Mar 09, 2015), VERSION: Amended/Substituted, ACTION: Amended. Updating Legislation: **2015 Tex. Sess. Law Serv. Ch. 1 (S.B. 219) (VERNON'S)**

5   2015 TX S.B., 2015 Texas Senate Bill No. 219, Texas Eighty-Fourth Legislature, (Jan 28, 2015), VERSION: Introduced, ACTION: Amended. Updating Legislation: **2015 Tex. Sess. Law Serv. Ch. 1 (S.B. 219) (VERNON'S)**

6   2015 TX S.B., 2015 Texas Senate Bill No. 219, Texas Eighty-Fourth Legislature, (Dec 19, 2014), VERSION: Prefiled, ACTION: Amended. Updating Legislation: **2015 Tex. Sess. Law Serv. Ch. 1 (S.B. 219) (VERNON'S)**

7   2011 TX S.B., 2011 Texas Senate Bill No. 1178, Texas Eighty-Second Legislature, (Jun 17, 2011), VERSION: Adopted, ACTION: Amended. Updating Legislation: **2011 Tex. Sess. Law Serv. Ch. 1082 (S.B. 1178)**

© 2015 Thomson Reuters. All rights reserved.



**(VERNON'S)**

8    2011 TX S.B., 2011 Texas Senate Bill No. 1178, Texas Eighty-Second Legislature, (May 27, 2011), VER-SION: Enrolled, ACTION: Amended. Updating Legislation: **2011 Tex. Sess. Law Serv. Ch. 1082 (S.B. 1178) (VERNON'S)**

9    2011 TX S.B., 2011 Texas Senate Bill No. 1178, Texas Eighty-Second Legislature, (Apr 21, 2011), VER-SION: Engrossed, ACTION: Amended. Updating Legislation: **2011 Tex. Sess. Law Serv. Ch. 1082 (S.B. 1178) (VERNON'S)**

10    2011 TX S.B., 2011 Texas Senate Bill No. 1178, Texas Eighty-Second Legislature, (Apr 07, 2011), VER-SION: Amended/Substituted, ACTION: Amended. Updating Legislation: **2011 Tex. Sess. Law Serv. Ch. 1082 (S.B. 1178) (VERNON'S)**

11    2011 TX S.B., 2011 Texas Senate Bill No. 1178, Texas Eighty-Second Legislature, (Mar 04, 2011), VER-SION: Introduced, ACTION: Amended. Updating Legislation: **2011 Tex. Sess. Law Serv. Ch. 1082 (S.B. 1178) (VERNON'S)**

12    2009 TX S.B., 2009 Texas Senate Bill No. 68, Texas Eighty-First Legislature (FULL TEXT - NETSCAN), (Jun 19, 2009), VERSION: Adopted, ACTION: Amended. Updating Legislation: **2009 Tex. Sess. Law Serv. Ch. 720 (S.B. 68) (VERNON'S)**

13    2009 TX S.B., 2009 Texas Senate Bill No. 68, Texas Eighty-First Legislature (FULL TEXT - NETSCAN), (May 28, 2009), VERSION: Enrolled, ACTION: Amended. Updating Legislation: **2009 Tex. Sess. Law Serv. Ch. 720 (S.B. 68) (VERNON'S)**

14    2009 TX S.B., 2009 Texas Senate Bill No. 68, Texas Eighty-First Legislature (FULL TEXT - NETSCAN), (Apr 02, 2009), VERSION: Engrossed, ACTION: Amended. Updating Legislation: **2009 Tex. Sess. Law Serv. Ch. 720 (S.B. 68) (VERNON'S)**

15    2009 TX S.B., 2009 Texas Senate Bill No. 68, Texas Eighty-First Legislature (FULL TEXT - NETSCAN), (Mar 23, 2009), VERSION: Amended/Substituted, ACTION: Amended. Updating Legislation: **2009 Tex. Sess. Law Serv. Ch. 720 (S.B. 68) (VERNON'S)**

16    2009 TX S.B., 2009 Texas Senate Bill No. 68, Texas Eighty-First Legislature (FULL TEXT - NETSCAN), (Feb 10, 2009), VERSION: Introduced, ACTION: Amended. Updating Legislation: **2009 Tex. Sess. Law Serv. Ch. 720 (S.B. 68) (VERNON'S)**

17    2009 TX S.B., 2009 Texas Senate Bill No. 68, Texas Eighty-First Legislature (FULL TEXT - NETSCAN), (Nov 10, 2008), VERSION: Prefiled, ACTION: Amended. Updating Legislation: **2009 Tex. Sess. Law Serv. Ch. 720 (S.B. 68) (VERNON'S)**

© 2015 Thomson Reuters. All rights reserved.



18    2005 TX H.B., 2005 Texas House Bill No. 877, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (Jun 17, 2005), ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 526 (H.B. 877) (VERNON'S)**

19    2005 TX H.B., 2005 Texas House Bill No. 877, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (May 21, 2005), ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 526 (H.B. 877) (VERNON'S)**

20    2005 TX H.B., 2005 Texas House Bill No. 877, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (Apr 29, 2005), ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 526 (H.B. 877) (VERNON'S)**

21    2005 TX S.B., 2005 Texas Senate Bill No. 6, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (Jun 06, 2005), ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 268 (S.B. 6) (VERNON'S)**

22    2005 TX S.B., 2005 Texas Senate Bill No. 6, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (May 29, 2005), ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 268 (S.B. 6) (VERNON'S)**

23    2005 TX S.B., 2005 Texas Senate Bill No. 6, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (Mar 03, 2005), ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 268 (S.B. 6) (VERNON'S)**

24    2005 TX S.B., 2005 Texas Senate Bill No. 6, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (Jan 31, 2005), ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 268 (S.B. 6) (VERNON'S)**

25    2005 TX S.B., 2005 Texas Senate Bill No. 6, Texas Seventy-Ninth Legislature (FULL TEXT - NETSCAN), (Dec 07, 2004), VERSION: Prefiled, ACTION: Amended. Updating Legislation: **2005 Tex. Sess. Law Serv. Ch. 268 (S.B. 6) (VERNON'S)**

### Reports and Related Materials

Acts 2015, 84th Leg., ch. 1 (S.B. 219), § 4.237, eff. April 2, 2015

**Reports**

TX Bill Tracking, 2015 TX S.B. 219 (NS), April 02, 2015

© 2015 Thomson Reuters. All rights reserved.



TEXAS COMMITTEE REPORT, 2015 TX S.B. 219 (NS), March 24, 2015

TEXAS FISCAL NOTE, 2015 TX S.B. 219 (NS), February 24, 2015

TEXAS COMMITTEE REPORT, 2015 TX S.B. 219 (NS), December 19, 2014

**Journals**

Texas House Journal, 84th Legislature, Regular Session, 75th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 75, May 21, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 54th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 54, May 20, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 52nd Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 52, May 18, 2015

Texas House Journal, 84th Legislature, Regular Session, 67th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 67, May 11, 2015

Texas House Journal, 84th Legislature, Regular Session, 65th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 65, May 07, 2015

Texas House Journal, 84th Legislature, Regular Session, 64th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 64, May 06, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 45th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 45, May 04, 2015

Texas House Journal, 84th Legislature, Regular Session, 61st Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 61, May 01, 2015

Texas House Journal, 84th Legislature, Regular Session, 59th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 59, April 29, 2015

Texas House Journal, 84th Legislature, Regular Session, 56th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 56, April 23, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 39th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 39, April 22, 2015

© 2015 Thomson Reuters. All rights reserved.



Texas Senate Journal, 84th Legislature, Regular Session, 38th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 38, April 21, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 37th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 37, April 20, 2015

Texas House Journal, 84th Legislature, Regular Session, 53rd Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 53, April 20, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 36th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 36, April 16, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 36th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 36, April 15, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 34th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 34, April 13, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 32nd Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 32, April 09, 2015

Texas House Journal, 84th Legislature, Regular Session, 45th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 45, April 08, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 31st Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 31, April 07, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 29th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 29, March 31, 2015

Texas House Journal, 84th Legislature, Regular Session, 40th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 40, March 30, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 28th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 28, March 30, 2015

Texas House Journal, 84th Legislature, Regular Session, 39th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 39, March 26, 2015

© 2015 Thomson Reuters. All rights reserved.



Texas House Journal, 84th Legislature, Regular Session, 38th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 38, March 25, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 26th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 26, March 23, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 25th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 25, March 19, 2015

Texas House Journal, 84th Legislature, Regular Session, 35th Legislative Day, TX H.R. Jour., 2015 Reg. Sess. No. 35, March 19, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 23rd Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 23, March 17, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 19th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 19, March 09, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 17th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 17, March 03, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 16th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 16, March 02, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 5th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 5, February 02, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 4th Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 4, January 28, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 3rd Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 3, January 27, 2015

Texas Senate Journal, 84th Legislature, Regular Session, 2nd Legislative Day, TX S. Jour., 2015 Reg. Sess. No. 2, January 21, 2015

Acts 2011, 82nd Leg., ch. 1082 (S.B. 1178), § 8, eff. Sept. 1, 2011

**Journals**

© 2015 Thomson Reuters. All rights reserved.



Texas Senate Journal, 82nd Legislature, Regular Session, 72nd Legislative Day, TX S. Jour., 2011 Reg. Sess. No. 72, May 30, 2011

Texas Senate Journal, 82nd Legislature, Regular Session, 71st Legislative Day, TX S. Jour., 2011 Reg. Sess. No. 71, May 29, 2011

Texas Senate Journal, 82nd Legislature, Regular Session, 70th Legislative Day, TX S. Jour., 2011 Reg. Sess. No. 70, May 28, 2011

Texas House Journal, 82nd Legislature, Regular Session, 87th Legislative Day, TX H.R. Jour., 2011 Reg. Sess. No. 87, May 27, 2011

Texas Senate Journal, 82nd Legislature, Regular Session, 69th Legislative Day, TX S. Jour., 2011 Reg. Sess. No. 69, May 27, 2011

Texas Senate Journal, 82nd Legislature, Regular Session, 66th Legislative Day, TX S. Jour., 2011 Reg. Sess. No. 66, May 23, 2011

Texas House Journal, 82nd Legislature, Regular Session, 80th Legislative Day, TX H.R. Jour., 2011 Reg. Sess. No. 80, May 20, 2011

Texas House Journal, 82nd Legislature, Regular Session, 81st Legislative Day, TX H.R. Jour., 2011 Reg. Sess. No. 81, May 20, 2011

Texas House Journal, 82nd Legislature, Regular Session, 73rd Legislative Day, TX H.R. Jour., 2011 Reg. Sess. No. 73, May 10, 2011

Texas House Journal, 82nd Legislature, Regular Session, 65th Legislative Day, TX H.R. Jour., 2011 Reg. Sess. No. 65, April 29, 2011

Texas Senate Journal, 82nd Legislature, Regular Session, 47th Legislative Day, TX S. Jour., 2011 Reg. Sess. No. 47, April 26, 2011

Texas Senate Journal, 82nd Legislature, Regular Session, 46th Legislative Day, TX S. Jour., 2011 Reg. Sess. No. 46, April 21, 2011

Texas House Journal, 82nd Legislature, Regular Session, 61st Legislative Day, Continued, TX H.R. Jour., 2011 Reg. Sess. No. 61, April 21, 2011

Acts 2009, 81st Leg., ch. 720, § 13, eff. Sept. 1, 2010

© 2015 Thomson Reuters. All rights reserved.



**Reports**

Texas Bill Analysis, 2009 Regular Session, Senate Bill 68, TX B. An., S.B. 68, 9/29/2009, September 29, 2009

**Journals**

Texas Senate Journal, 81st Legislature, Regular Session, 71st Legislative Day, TX S. Jour., 2009 Reg. Sess. No. 71, June 01, 2009

Texas House Journal, 81st Legislature, Regular Session, 86th Legislative Day, TX H.R. Jour., 2009 Reg. Sess. No. 86, June 01, 2009

Texas Senate Journal, 81st Legislature, Regular Session, 69th Legislative Day, TX S. Jour., 2009 Reg. Sess. No. 69, May 29, 2009

Texas House Journal, 81st Legislature, Regular Session, 83rd Legislative Day, TX H.R. Jour., 2009 Reg. Sess. No. 83, May 29, 2009

Texas Senate Journal, 81st Legislature, Regular Session, 69th Legislative Day, TX S. Jour., 2009 Reg. Sess. No. 69, May 28, 2009

Texas House Journal, 81st Legislature, Regular Session, 74th Legislative Day, Continued, TX H.R. Jour., 2009 Reg. Sess. No. 74, May 19, 2009

Texas House Journal, 81st Legislature, Regular Session, 73rd Legislative Day, Continued, TX H.R. Jour., 2009 Reg. Sess. No. 73, May 18, 2009

Texas House Journal, 81st Legislature, Regular Session, 66th Legislative Day, Continued, TX H.R. Jour., 2009 Reg. Sess. No. 66, May 07, 2009

Texas Senate Journal, 81st Legislature, Regular Session, 32nd Legislative Day, TX S. Jour., 2009 Reg. Sess. No. 32, April 02, 2009

Acts 2005, 79th Leg., ch. 526, § 3, eff. Sept. 1, 2005

**Reports**

Texas Bill Analysis, 2005 Regular Session, House Bill 877, TX B. An., H.B. 877, 5/9/2005, May 09, 2005

© 2015 Thomson Reuters. All rights reserved.



Texas Bill Analysis, 2005 Regular Session, House Bill 877, TX B. An., H.B. 877, 4/28/2005, April 28, 2005

Texas Bill Analysis, 2005 Regular Session, House Bill 877, TX B. An., H.B. 877, 2005, 2005

**Journals**

Texas House Journal, 79th Legislature, Regular Session, 77th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 77, May 25, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 76th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 76, May 23, 2005

Texas House Journal, 79th Legislature, Regular Session, 74th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 74, May 22, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 74th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 74, May 20, 2005

Texas House Journal, 79th Legislature, Regular Session, 73rd Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 73, May 20, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 70th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 70, May 16, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 61st Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 61, May 03, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 60th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 60, May 02, 2005

Texas House Journal, 79th Legislature, Regular Session, 60th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 60, May 02, 2005

Texas House Journal, 79th Legislature, Regular Session, 59th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 59, April 29, 2005

Texas House Journal, 79th Legislature, Regular Session, 58th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 58, April 28, 2005

© 2015 Thomson Reuters. All rights reserved.



Texas House Journal, 79th Legislature, Regular Session, 52nd Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 52, April 20, 2005

Texas House Journal, 79th Legislature, Regular Session, 15th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 15, February 10, 2005

Acts 2005, 79th Leg., ch. 268, § 1.107, eff. Sept. 1, 2005

### Reports

Texas Bill Analysis, 2005 Regular Session, Senate Bill 6, TX B. An., S.B. 6, 4/19/2005, April 19, 2005

Texas Bill Analysis, 2005 Regular Session, Senate Bill 6, TX B. An., S.B. 6, 2/27/2005, February 27, 2005

Texas Bill Analysis, 2005 Regular Session, Senate Bill 6, TX B. An., S.B. 6, 2/2/2005, February 02, 2005

Texas Bill Analysis, 2005 Regular Session, Senate Bill 6, TX B. An., S.B. 6, 2005, 2005

### Journals

Texas Senate Journal, 79th Legislature, Regular Session, 83rd Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 83, May 30, 2005

Texas House Journal, 79th Legislature, Regular Session, 82nd Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 82, May 30, 2005

Texas House Journal, 79th Legislature, Regular Session, 81st Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 81, May 29, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 82nd Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 82, May 29, 2005

Texas House Journal, 79th Legislature, Regular Session, 80th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 80, May 28, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 80th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 80, May 27, 2005

Texas House Journal, 79th Legislature, Regular Session, 77th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 77, May 25, 2005

© 2015 Thomson Reuters. All rights reserved.



Texas House Journal, 79th Legislature, Regular Session, 62nd Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 62, May 04, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 57th Legisaltive Day, Continued, TX S. Jour., 2005 Reg. Sess. No. 57, April 28, 2005

Texas House Journal, 79th Legislature, Regular Session, 57th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 57, April 27, 2005

Texas House Journal, 79th Legislature, Regular Session, 56th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 56, April 26, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 56th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 56, April 26, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 52nd Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 52, April 20, 2005

Texas House Journal, 79th Legislature, Regular Session, 52nd Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 52, April 20, 2005

Texas House Journal, 79th Legislature, Regular Session, 51st Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 51, April 19, 2005

Texas House Journal, 79th Legislature, Regular Session, 47th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 47, April 12, 2005

Texas House Journal, 79th Legislature, Regular Session, 32nd Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 32, March 14, 2005

Texas House Journal, 79th Legislature, Regular Session, 28th Legislative Day, TX H.R. Jour., 2005 Reg. Sess. No. 28, March 07, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 27th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 27, March 03, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 26th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 26, March 02, 2005

© 2015 Thomson Reuters. All rights reserved.



Texas Senate Journal, 79th Legislature, Regular Session, 24th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 24, February 28, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 8th Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 8, January 31, 2005

Texas Senate Journal, 79th Legislature, Regular Session, 3rd Legislative Day, TX S. Jour., 2005 Reg. Sess. No. 3, January 13, 2005

### Executive Messages

Texas Governor s Message, June 7, 2005, TX Gov. Mess., 6/7/2005, June 07, 2005

Texas Governor s Message, June 7, 2005, TX Gov. Mess., 6/7/2005, June 07, 2005

Acts 2001, 77th Leg., ch. 218, § 11, eff. Sept. 1, 2001

### Reports

Texas Bill Analysis, 2001 Regular Session, House Bill 1178, TX B. An., H.B. 1178, 7/9/2001, July 09, 2001

Texas Bill Analysis, 2001 Regular Session, House Bill 1178, TX B. An., H.B. 1178, 4/23/2001, April 23, 2001

Texas Bill Analysis, 2001 Regular Session, House Bill 1178, TX B. An., H.B. 1178, 4/11/2001, April 11, 2001

Texas Bill Analysis, 2001 Regular Session, House Bill 1178, TX B. An., H.B. 1178, 3/1/2001, March 01, 2001

Texas Bill Analysis, 2001 Regular Session, House Bill 1178, TX B. An., H.B. 1178, 2/23/2001, February 23, 2001

### Journals

Texas House Journal, 77th Legislature, Regular Session, 80th Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 80, May 23, 2001

Texas House Journal, 77th Legislature, Regular Session, 72nd Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 72, May 11, 2001

© 2015 Thomson Reuters. All rights reserved.



Texas Senate Journal, 77th Legislature, Regular Session, 70th Legislative Day, TX S. Jour., 2001 Reg. Sess. No. 70, May 10, 2001

Texas House Journal, 77th Legislature, Regular Session, 71st Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 71, May 10, 2001

Texas House Journal, 77th Legislature, Regular Session, 70th Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 70, May 09, 2001

Texas Senate Journal, 77th Legislature, Regular Session, 69th Legislative Day, TX S. Jour., 2001 Reg. Sess. No. 69, May 09, 2001

Texas Senate Journal, 77th Legislature, Regular Session, 64th Legislative Day, Continued, TX S. Jour., 2001 Reg. Sess. No. 64, May 03, 2001

Texas House Journal, 77th Legislature, Regular Session, 65th Legislative Day, Continued, TX H.R. Jour., 2001 Reg. Sess. No. 65, May 03, 2001

Texas Senate Journal, 77th Legislature, Regular Session, 58th Legislative Day, TX S. Jour., 2001 Reg. Sess. No. 58, April 24, 2001

Texas Senate Journal, 77th Legislature, Regular Session, 47th Legislative Day, TX S. Jour., 2001 Reg. Sess. No. 47, April 03, 2001

Texas House Journal, 77th Legislature, Regular Session, 46th Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 46, April 02, 2001

Texas Senate Journal, 77th Legislature, Regular Session, 46th Legislative Day, TX S. Jour., 2001 Reg. Sess. No. 46, April 02, 2001

Texas House Journal, 77th Legislature, Regular Session, 44th Legislative Day, Continued, TX H.R. Jour., 2001 Reg. Sess. No. 44, March 29, 2001

Texas House Journal, 77th Legislature, Regular Session, 45th Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 45, March 29, 2001

Texas House Journal, 77th Legislature, Regular Session, 30th Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 30, March 05, 2001

© 2015 Thomson Reuters. All rights reserved.



Texas House Journal, 77th Legislature, Regular Session, 16th Legislative Day, TX H.R. Jour., 2001 Reg. Sess. No. 16, February 07, 2001

→ **§ 42.072. License, Listing, or Registration Denial, Suspension, or Revocation**

CREDIT(S)

Acts 1979, 66th Leg., p. 2365, ch. 842, art. 1, § 1, eff. Sept. 1, 1979. Amended by Acts 1983, 68th Leg., p. 111, ch. 23, § 2, eff. Aug. 29, 1983; Acts 1993, 73rd Leg., ch. 977, § 1, eff. Sept. 1, 1993; Acts 1995, 74th Leg., ch. 76, § 5.95(49), eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1022, § 37, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1063, § 7, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1217, § 13, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 218, § 11, eff. Sept. 1, 2001; Acts 2005, 79th Leg., ch. 268, § 1.107, eff. Sept. 1, 2005; Acts 2005, 79th Leg., ch. 526, § 3, eff. Sept. 1, 2005; Acts 2009, 81st Leg., ch. 720, § 13, eff. Sept. 1, 2010; Acts 2011, 82nd Leg., ch. 1082 (S.B. 1178), § 8, eff. Sept. 1, 2011; Acts 2015, 84th Leg., ch. 1 (S.B. 219), § 4.237, eff. April 2, 2015.

HISTORICAL AND STATUTORY NOTES

2013 Main Volume

Section 21(a) of Acts 2009, 81st Leg., ch. 720 provides:

"Sec. 21. (a) The change in law made by this Act to Subsection (c), Section 42.072, Human Resources Code, applies only to the issuance of a license, listing, registration, or certification to a person whose license, listing, registration, or certification is revoked or whose application for a license, listing, registration, or certification is denied for a substantive reason on or after the effective date [Sept. 1, 2010] of this Act. The issuance of a license, listing, registration, or certification to a person whose license, listing, registration, or certification was revoked or whose application for a license, listing, registration, or certification was denied for a substantive reason before the effective date of this Act is governed by the law in effect when the license, listing, registration, or certification was revoked or the application was denied for a substantive reason, and the former law is continued in effect for that purpose."

Prior Laws:

Acts 1939, 46th Leg., p. 544.

Acts 1941, 47th Leg., p. 914, ch. 562, § 1.

Acts 1949, 51st Leg., p. 743, ch. 402, § 1.

Vernon's Ann.Civ.St. art. 695c, § 8(a), subsec. 7.

Acts 1975, 64th Leg., p. 2248, ch. 708, §§ 19, 26.

© 2015 Thomson Reuters. All rights reserved.

V.T.C.A., Human Resources Code § 42.072



Vernon's Ann.Civ.St. art. 695a-3, § 19.

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

© 2015 Thomson Reuters. All rights reserved.